# REPORTS OF CASES

.DETERMINED IN THE

# SUPREME COURT,

## APRIL TERM, 1874.

---

[No. 10,078.]

## THE PEOPLE *v.* AH FAT.

48    61
118   673

AFFIDAVIT FOR CONTINUANCE.—An affidavit for a continuance in a criminal case, on the ground of the absence of a witness, should distinctly state the facts to which the absent witness would testify.

IDEM.—Query? In such case would a reference in the affidavit to the reporter's notes of the testimony taken on a former trial, be sufficient?

IDEM.—An affidavit for a continuance in a criminal case is insufficient, if it fails to show that the testimony of the absent witness can be procured at the next or a succeeding term; or if it shows that the same facts desired to be proved by the absent witness can be proved by other witnesses.

AIDING TO COMMIT MURDER MAKES ONE PRINCIPAL.—If an indictment for murder charges the defendant with having been the actual perpetrator of the crime, he can be convicted if it is proved that he was present aiding and abetting the killing.

WHAT CONSTITUTES MURDER.—A person is not guiltless of murder, because the one he kills has already been mortally wounded.

INSTRUCTIONS IN CRIMINAL CASE.—If a defendant is charged in an indictment for murder with having committed the act, and there is testimony tending to show that he was the principal, and also testimony tending to show that he stood by aiding and assisting, an instruction to the jury which ignores the possible guilt of the defendant as a present aider and abettor of the killing, should not be given.

EVIDENCE OF CHARACTER OF WITNESS.—If a defendant introduces evidence on a trial for murder, tending to show that one of the people's witnesses

was suborned, and had been paid for his testimony, the prosecution in rebuttal may introduce testimony to show the good character of the witness, for truth and veracity.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The defendant was indicted jointly with Ah Wee and Ah Moy, for the murder of Ah Quong. The indictment charged the three as principals.

The trial was called in October, 1873, and the defendant moved for a continuance on the ground of the absence of T. W. Gilmer, a witness who had testified at a former trial. The affidavit for a continuance did not state what Gilmer could testify to, but referred to the reporter's notes of the testimony given by Gilmer on the former trial. The testimony had been taken down by an official reporter of the Court, and Gilmer, in his testimony, gave the names of many other persons who were present, and saw and heard what he saw and heard. There was testimony tending to show that the deceased was injured, not only by a pistol shot, but also by a blow given by a hatchet. The defendant asked the Court to instruct the jury that if they believed "that before Ah Quong, the deceased, was cut with a hatchet, he had been mortally wounded by a pistol shot not fired by the defendant," then they should find him not guilty. The defendant also asked the Court to instruct that "if the jury have a reasonable doubt as to the cause of the death of the deceased, the defendant is entitled to the benefit of such doubt, and they will acquit the defendant if his death was caused by a pistol shot, not administered by defendant, nor by any one to whose act he was only an accessory." These were instructions thirteen and fourteen, and were refused by the Court.

On the trial, the prosecution called L. P. Gilman as a witness, and proved by him that he was near the place of the homicide, and heard a pistol shot, and ran to the spot and saw a crowd of Chinamen, and saw one Chinaman come from the crowd with a hatchet in his hand, and run down an alley and disappear. Gilman identified the defendant,

Ah Fat, as the man.    The defense called E. Dole, who was
a policeman at the time of the homicide, and who testified
that soon after the killing, and while the officers were try-
ing to identify the man who ran down street with a hatchet,
Gilman came to him frequently, and asked if there was any
coin in it, and said he could identify the man who ran
down Third street with the hatchet, if there was any coin
in it; and asked which party of Chinese had the most
money, and asked Dole to send one of the Chinese to him.
In rebuttal, the prosecution called witnesses to establish
the character of Gilman for truth and veracity.    The de-
fendant was convicted of murder in the second degree and
sentenced to imprisonment for life, and appealed.

*Jo. Hamilton* and *J. C. Goods,* for the Appellant.

*Attorney-General Love* and *S. Solon Holl,* for the People.

By the Court, NILES, J.:

1.  The affidavit for continuance on the ground of the ab-
sence of the witness Gilmer was defective in several partic-
ulars.    It does not distinctly state the facts to which the
absent witness would testify.    If a mere reference to the
reporter's notes of Gilmer's testimony could be received as
supplying the place of such statement in the affidavit, this
testimony clearly shows that a number of other persons
were present and witnessed the occurrences to which the
witness deposed.    We must presume that it was apparent
to the Court that the testimony of these persons was attain-
able, as most of them were present, and testified at the trial.
Moreover, the affidavit entirely fails to show that the testi-
mony of the absent witness could be procured at the next,
or any succeeding term of the Court.    We can perceive no
abuse of the discretion of the Court in the refusal of a con-
tinuance under these circumstances.

2.  There was no error in the instruction of the Court that
if the jury believed from the evidence "that the defendant
was present at the time of the killing, and unlawfully and
with malice aforethought committed the deed himself, or

aided and abetted in the killing, they should find him guilty."

The latter portion of the instruction is objected to upon the ground that, as the indictment charged the defendant with having been the actual perpetrator of the crime, it was error to instruct that he could be convicted upon mere proof that he was present, aiding and abetting the killing. This question was considered in the case of *The People* v. *Oute-veras, ante* p.19, and was determined adversely to the position taken by the appellant.

3. The thirteenth instruction asked by the counsel for the defendant was properly refused. The jury would have been informed substantially that a defendant is not guilty of murder in the killing of a person who has already been mortally wounded by another—a doctrine which cannot be seriously contended for. Moreover, both this instruction and the fourteenth, asked by the defendant, were radically defective, because they ignored the possible guilt of the defendant as a present aider and abetter of the killing.

4. There was no error in the admission of evidence of the character of the witness Gilman for truth and varacity. This evidence was authorized by the preceding testimony of the defendant's witness, Dole. If this testimony had been directed to mere proof of contradictory statements of Gilman upon matters relevant to the issues being tried, the propriety of evidence of character to sustain Gilman's testimony would have been, to say the least, questionable, although authorities may be found in support of its admissibility. (Greenleaf on Ev., Sec. 469, and note 4.) But Dole's testimony went further than this. The conversation narrated by him was upon matters entirely irrelevant to the issues, and could have had no other effect than to induce the belief in the minds of the jury that Gilman was a suborned witness and unworthy of credit. It was as effectual an attack upon his character for truth as if his reputation in this respect had been assailed by direct inquiries; and we can see no good reasons for allowing proof of good character in the latter case, that does not apply as well in the case before us.

Several minor points were made by the counsel for appellant, which we do not deem it necessary to consider at length.   We find no error in the record which calls for a reversal.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.