[Crim. No. 254.  Department Two.—November 1, 1897.]

THE PEOPLE, Respondent, v. STEVE WADE, Appellant.

CRIMINAL LAW—TRIAL—CONTINUANCE—ABSENCE OF WITNESSES—INSUFFICIENT SHOWING—DISCRETION.—Affidavits for a continuance of a criminal cause, for the absence of material witnesses for the defendant, which merely show an unsuccessful search for the witnesses, and do not name the whereabouts of any of them, except one who was stated upon information and belief to be somewhere in Mexico, and do not show that the attendance of any one of them would or could be procured within any reasonable time, are not sufficient to establish an abuse of the discretion of the court in denying the motion.

ID.—SEDUCTION UNDER PROMISE OF MARRIAGE—CORROBORATION OF PROSECUTRIX—CONSTRUCTION OF CODE.—The evidence of the prosecutrix, whether corroborated or not, if believed by the jury and the judge who presided at the trial, is sufficient to justify a verdict of guilty of the crime of seducing and having sexual intercourse with an unmarried female of previous chaste character, under promise of marriage, under section 268 of the Penal Code; and section 1108 of the same code, which provides that upon a trial for inveigling, enticing, or taking away an unmarried female of previous chaste character, under the age of twenty-five years, for the purpose of prostitution, the defendant cannot be convicted upon the testimony of the woman upon whom or with whom the offense was committed, unless she is corroborated by other evidence, has no application to offenses committed in violation of section 268.

ID.—EVIDENCE—PROOF OF CHASTE CHARACTER—LIMITATION AS TO TIME.—The proof of the chaste character of the prosecutrix is properly limited to the time prior to the alleged seduction, and there is no error in striking out a question and answer designed to prove that she never had sexual intercourse with any other man than the defendant.

ID.—TESTIMONY OF ACQUAINTANCE OF PROSECUTRIX.—A witness of whose family the prosecutrix had been a member, and who had had occasion to be well acquainted with her, may be properly asked what, from his acquaintance with her and his observations of her general conduct, he would say as to whether or not she was a chaste and virtuous girl prior to the time of the alleged seduction.

ID.—IMPEACHMENT OF WITNESS—CONTRADICTORY STATEMENTS—NECESSITY OF LAYING FOUNDATION.—A witness cannot be impeached by proof of statements inconsistent with his testimony, unless the foundation is first laid therefor, by relating the statements to him, with the circumstances of times, places, and persons present, and asking him whether he made such statements, and, if so, allowing him to explain them.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.  George H. Buck, Judge.

The facts are stated in the opinion.

William A. Bowden, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

BELCHER, C.—The defendant was charged with the crime of seducing an unmarried female of previous chaste character, under promise of marriage. He was convicted and sentenced to pay a fine of three thousand dollars, and in default of payment to be imprisoned one day for each four dollars of the fine, until the same is satisfied. From that judgment and an order denying his motion for a new trial he has appealed.

1. When the case was called for trial, the defendant moved for a continuance, and in support of his motion read and filed seven affidavits made by him. The motion was denied, and this ruling is assigned as error.

Each of the said affidavits named a person who, it was said, would be a material witness for the defense, and stated what was expected to be proved by the witness. It then stated that a subpoena for the witness had been issued and placed in the hands of the sheriff for service, but returned, showing by the return indorsed thereon that after due search and diligent inquiry the officer had been unable to find the said witness in his county. In six of the affidavits the affiant stated that he had personally made search and diligent inquiry for the witnesses named therein, but such search had been unsuccessful. In one of the affidavits the affiant stated he was informed and believed that the witness named therein was in the republic of Mexico. The whereabouts of no one of the persons named, except the one who was somewhere in Mexico, is shown, and it does not appear that the attendance of any one of them would or could be procured within any reasonable time. Under such circumstances, it cannot be said that the court abused its discretion in denying the motion. (*Harper v. Lamping,* 33 Cal. 641; *People v. Ah Fat,* 48 Cal. 61; *People v. Ah Yute,* 53 Cal. 614; *People v. Lewis,* 64 Cal. 401.)

2. It is claimed that the verdict was not justified by the evidence, because the testimony of the prosecutrix was not corroborated by other evidence. The prosecution was based upon section 268 of the Penal Code, which provides: "Every person who, under promise of marriage, seduces and has sexual intercourse with an

unmarried female of previous chaste character is punishable," etc. Section 1108 of the same code also provides: "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing, or taking away an unmarried female of previous chaste character, under the age of twenty-five years, for the purpose of prostitution, or aiding or assisting therein, the defendant cannot be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence."

To sustain his contention defendant relies upon the last-named section, but obviously that section has no application to offenses committed in violation of the one first named.

The evidence of the prosecutrix, if believed by the jury and the judge who presided at the trial, as it must have been, was amply sufficient to justify the verdict; and, besides, it was in fact corroborated in several respects. The judgment cannot, therefore, be disturbed on this ground.

3. Several rulings of the court on the admission of evidence are complained of, but we see no material error in any of them.

The prosecutrix was asked on cross-examination: "Miss Scott, you never had sexual intercourse with any other man?" and answered, "No, sir." This question and answer were stricken out, and she was then asked: "You never had sexual intercourse with any other man previous to the month of April, 1894?" (the month of the alleged seduction), and answered, "No, sir."

The inquiry was properly limited to the time prior to the seduction, and there was no error in striking out the first question and answer.

F. S. Jones was a witness for the prosecution, and testified that Miss Scott had lived at his house for three months and been a member of his family, and he had had occasion to get pretty well acquainted with her. He was then asked: "From your acquaintance with Miss Scott and your observation of her general conduct, what would you say as to whether or not she was a chaste and virtuous girl up to the time of your acquaintance and prior to the middle of April, 1894?" The question was objected to as incompetent, irrelevant, and immaterial, and the objection was overruled. The witness answered: "I never saw anything imprudent in Miss Scott; she seemed to be a nice young girl."

The question was proper, and certainly defendant was not prejudiced by the ruling.

Lottie Curtis was a witness for the prosecution, and testified that she knew Miss Scott intimately and frequently called on her at Mrs. Barstow's. She was asked if she always found her at home there, and answered, "No, sir. I called there one evening, Miss Jones and I, and Mrs. Barstow said she went out riding with Steve Wade." Counsel for defendant urge that the court erred in denying his motion to strike out the said answer, but the record shows that the answer was in fact stricken out by the court.

Mary Olmstead and Alfred C. Parker were called as witnesses for the defendant, and were examined on his behalf very fully. It is said in defendant's brief that "the testimony given by the witnesses Olmstead and Parker was hostile evidence, which took the defendant by surprise, and which he had the right to impeach by showing that they had made other and contradictory statements."

To impeach the witnesses W. A. Bowden, defendant's attorney, took the stand as a witness, and offered to testify that each of the said witnesses had made statements to him before the trial which were contradictory to those made by them at the trial. This offered testimony was objected to and excluded, and it is insisted that the ruling was erroneous.

Section 2049 of the Code of Civil Procedure provides: "The party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in section 2052."

And section 2052 provides: "A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but, before this can be done, the statements must be related to him, with the circumstances of times, places, and persons present, and he must be asked whether he made such statements, and, if so, allowed to explain them."

No such foundation was laid for the impeaching testimony offered, and therefore it was properly rejected.

The above are all the points made for a reversal, and, as no one of them can be sustained, the judgment and order appealed from should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.