[Crim. No. 212.   Second Appellate District.—November 15, 1911.]

## THE PEOPLE, Respondent, v. J. HORACE SLIGER, Appellant.

CRIMINAL LAW—LEWD AND LASCIVIOUS ACTS WITH CHILD—SUFFICIENCY
OF INFORMATION TO SUPPORT CONVICTION.—Where an information
charging the defendant with the crime of committing lewd and
lascivious acts with a child, in violation of section 288 of the Penal
Code, is in the language of the statute and is free from any defects,
it is sufficient, if proved, to support a conviction, and a general
demurrer thereto was properly overruled.

ID.—CONTINUANCE—ABSENCE OF MATERIAL WITNESSES—DILIGENCE NOT
SHOWN.—Where an affidavit for the continuance of the trial for the
absence of material witnesses is vague and indefinite, and fails to
show any personal diligence on the part of the defendant to secure
their attendance, or to ascertain their whereabouts, other than to
cause a subpoena to be issued and placed in the hands of the sheriff
of the county, and it is made to appear that they were absent from
their homes at the date of the trial, such showing is not inconsistent
with the fact that they might have been at their homes at all prior
dates, and the court did not err or abuse its discretion in denying
the application.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Willedd Andrews, and Tom L. Johnston, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy
Attorney General, for Respondent.

SHAW, J.—Defendant was convicted upon an information
charging him with the offense defined in section 288 of the
Penal Code.   He appeals from the judgment and an order of
the court denying his motion for a new trial.

A general demurrer was interposed to the information and
by the court overruled.   While the ruling is assigned as error,
counsel for appellant state that they "submit it without argu-
ment or comment."   We are unable to perceive wherein the

court erred in the ruling. The information is in the language of the statute and free from the defects pointed out by this court in the case of *People* v. *Grinnell,* 9 Cal. App. 239, [98 Pac. 681], where the information purported to charge a like offense.

When the case was called for trial, on June 12, 1911, defendant moved for a continuance on the ground of the absence of material witnesses, and in support of his motion caused to be read and filed his own affidavit. The motion was denied, and this ruling is assigned as error. The affidavit is vague, indefinite and not such as would justify this court in holding that there was any abuse of discretion on the part of the trial court in denying the application. While it sufficiently shows the materiality of the facts to which it was averred the absent witnesses would testify, it is wholly lacking in that it fails to show any facts necessary to enable the court to determine that any effort, other than causing a subpoena to be issued and placed in the hands of the sheriff, had been made on the part of the defendant to procure their presence at the trial (*People* v. *Ah Yute,* 53 Cal. 613; *People* v. *Wade,* 118 Cal. 672, [50 Pac. 841]), or that there was reasonable ground for believing the presence of the witnesses or their testimony could be procured at a future day. (*People* v. *Winters,* 125 Cal. 325, [57 Pac. 1067].) It is true the affidavit avers ''that affiant has exercised every diligence in his power to obtain the presence of said witnesses at this trial at this time,'' but that is a mere conclusion. (*People* v. *Francis,* 38 Cal. 187.) Affiant should have stated the reasons upon which he based his belief. On April 26th an order was made setting the case for trial on June 12th, and the only effort, so far as shown by the affidavit, made by the defendant to procure the presence of the witnesses in court at the time when the case was set for trial was that, on May 16th, he caused the clerk of the court to issue a subpoena for the witnesses. It does not appear that the defendant personally caused any inquiry to be made as to the whereabouts of the witnesses, or made any effort whatsoever to locate them, or to enable the officer whose duty it was to serve the subpoena to find the witnesses, who, as shown by the affidavit, ''reside in the county of Los Angeles, state of California, but are temporarily absent from their homes and will be for a few weeks,

so affiant is informed and believes." There is absolutely nothing in the affidavit that negatives the fact that the witnesses were in the county of Los Angeles, and that their location was at all times known to affiant. It appears that on the sixth day of June the sheriff returned the subpoena, certifying "that after diligent search and careful inquiry, I have been unable to find [the witnesses] named in within subpoena in the county of Los Angeles." When the subpoena was placed in his hands for service is not made to appear. For aught that is disclosed by the affidavit, he may have received the subpoena on or about the date of its return. From the sixth day of June, when the subpoena was returned, until June 12th, the date of the trial, no effort appears to have been made to ascertain the whereabouts of the witnesses, if it was in fact unknown, or to require their presence in court. While it is made to appear that the witnesses were absent from their homes on the date of the trial, such averment is not inconsistent with the fact that they may have been at their homes at all times prior to such date. There was no error in the ruling of the court denying the application.

Our attention is not directed to any other alleged error.

Judgment and order affirmed.

Allen, P. J., and James, J., concurred.