[Crim. No. 1167. Second Appellate District, Division Two.—April 25, 1925.]

## THE PEOPLE, Respondent, v. JAMES O. BARTON, Appellant.

[1] Criminal Law—Rape—Other Acts—Instruction.—In a prosecution for rape, an instruction that "Evidence of other acts of sexual intercourse between the defendant and the prosecutrix and other improper familiarities on the part of the defendant toward and with the prosecutrix, both before and after the time charged in the information, is received and admitted in evidence to prove the adulterous disposition of the defendant and as having a tendency to render it more probable that the acts of sexual intercourse charged and relied on in the information were committed

---

1. Evidence of other crimes in prosecution for rape, notes, 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164; 62 L. R. A. 314, 322, 329; 48 L. R. A. (N. S.) 236.

and for no other purpose," carried a strong inference that evidence of other acts of sexual intercourse had been received and admitted in the case, and was misleading and prejudicial where only one act of intercourse—the sole basis of the charge—was shown to have taken place.

[2] ID.—ELECTION—EVIDENCE.—The district attorney could not properly be required to make an election as to which act of intercourse he relied upon for conviction, where the prosecutrix definitely testified that but one such act occurred.

[3] ID. — OTHER ACTS OF DEFENDANT — ADMISSIBILITY OF. — In such prosecution, an exception to the rulings of the trial court permitting the prosecutrix to testify that, after the occurrence of the act charged, defendant indulged in improper familiarities with her in the presence of other persons, and with another young woman, in her presence, is not well taken where the testimony was elicited upon redirect examination after counsel for appellant had opened the door therefor by cross-examination, and such testimony was admissible merely for the purpose of showing the disposition of defendant and the probability of his committing the act with which he was charged.

---

(1) 16 **C. J.**, p. 931, n. 5, p. 1036, n. 65, p. 1043, n. 37.   (2) 16 **C. J.**, p. 861, n. 24.   (3) 16 **C. J.**, p. 608, n. 98; 17 **C. J.**, p. 211, n. 5.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank C. Collier, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank W. Allender, Marshall A. Stutsman, W. L. Mason and Scarborough & Bowen for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—It was charged by information that the appellant committed rape upon a girl of the age of eleven years on or about the fifteenth day of September, 1921; and by a second count he was also charged with having committed an assault upon the same child with intent to commit rape. A jury found him guilty as charged in the first count, and acquitted him on the charge of attempted rape. A motion for new trial having been denied, this appeal is taken from the judgment and order denying said motion.

The prosecuting witness was one of two adopted daughters of appellant and wife, and she testified that she came from Montana to San Pedro, Los Angeles County, in the year 1917, and that she lived in a tent at the latter place, until the defendant built a garage, wherein she slept thereafter. She testified that she became eleven years of age on September 27, 1921, and that appellant had taken indecent liberties and indulged in lascivious conduct with her person ever since she was about eight years old, but that he had had actual intercourse with her only once and that it occurred about two weeks before her eleventh birthday.

Many grounds are assigned for reversal, including alleged insufficiency of the evidence to support a conviction, and asserted errors of the trial court in its rulings during the trial, and in giving and refusing instructions. From the view which we take of the case it is apparent, as we shall hereafter show, that it must be reversed, and doubtless certain features complained of will not recur upon another trial. We shall, therefore, devote our attention only to points which require rulings at this time.

Although the testimony of the prosecutrix, if believed by the jury, may be said to have been accompanied by incriminating circumstances, yet without it there was little evidence of guilt; such being the fact, we are constrained to analyze and subject to close scrutiny the principal factors which apparently led to the conviction.

The prosecutrix testified, and it was the theory of the prosecution, that appellant slept in the garage with his daughter, and that the act complained of occurred therein, but appellant stated positively that there had been no bed in the garage for months preceding the date of the alleged offense, and that all of the girl's testimony in this regard was false. Other witnesses corroborated him in this, and swore that the principals in the case occupied beds in different parts of the house during all of this period. Appellant argues that the prosecutrix was discredited by this evidence, but disputed questions of fact were thus presented, and it was solely within the province of the jury to determine as to the credibility of the witnesses, and as to the truth or falsity of the evidence.

Barton emphatically asserted that he had at all times felt, and exhibited an attitude and course of conduct, of the most

properly affectionate and fatherly character toward the prosecutrix, and that had the People been required to elect upon a specific act and date upon which they would ask the jury to base a verdict, he would have been enabled to meet and refute any such charge.

[1] One ground urged by appellant as sufficient for a reversal appears to us to be well taken. The court instructed the jury as follows:

"Evidence of other acts of sexual intercourse between the defendant and the prosecutrix and other improper familiarities on the part of the defendant toward and with the prosecutrix, both before and after the time charged in the information, is received and admitted in evidence to prove the adulterous disposition of the defendant and as having a tendency to render it more probable that the acts of sexual intercourse charged and relied on in the information were committed and for no other purpose."

While this instruction has been upheld in a number of cases as proper where the evidence warrants it, and particularly where there has been testimony to the effect that more than one act of sexual intercourse has taken place between the defendant and the prosecutrix, under the circumstances of the instant case we believe that the instruction was not only erroneous, but was calculated to mislead the jury in a manner prejudicial to the substantial rights of the defendant. This instruction is susceptible of the construction that by it the court intended to indicate to the jury that in its opinion there had been introduced evidence of more than one act of sexual intercourse, in fact, of acts "both before and after the time charged in the information." While the language of the instruction may be regarded as a statement of an abstract principle of law and therefore properly used in instructing the jury where the testimony is susceptible of the interpretation that acts other than that charged in the information have occurred between the defendant and the prosecutrix, it should not be used where, as in this case, the evidence does not allow of that construction.

In one of the answers given by the prosecuting witness it was positively stated that only one act of intercourse occurred, which was on the thirteenth day of September, 1921, and this, therefore, was the sole basis of the charge. However, it appears that in other parts of her examination the

questions put to her by the prosecutor and her answers thereto were so framed that the jury might easily have been misled into the erroneous notion that other acts of intercourse had taken place between the defendant and herself. The following is an example of such testimony:

"Q. (By the district attorney.) When was the last time that you recall that you had an act of intercourse with your father?

"A. Well, that was two weeks before my birthday in 1921.

"That is, this one that you are now testifying to was the last act that you recall?

"A. Yes sir."

When asked over how long a period of time before this act of September 13, 1921, she had had intercourse with her father, the prosecutrix replied that she could not say exactly, but that he had slept with her since she was eight years old, that she did not wish to tell an untruth, but that she knew that it occurred on September 13th. We are not in accord with appellant's statement that the instruction above quoted declared that other acts of intercourse had occurred both before and after the date charged in the information, but we think that the jury could under the circumstances of this case, and probably did, infer from the evidence and the instructions of the court that there were other acts. They were at least encouraged by this instruction to assume that such was the fact. It should be noted that the instruction quoted did not inform the jury that they should determine for themselves whether or not there were other acts, and that if they found them to have occurred that evidence thereof should be considered merely for the purposes stated; but it carried a strong inference that evidence of other acts of sexual intercourse had been received and admitted in the case, to prove the adulterous disposition of the defendant, and as having a tendency to render it more probable that he was guilty. It is our conclusion, therefore, that, in view of the condition of the record to which we have called attention, the instruction was misleading and prejudicial.

One of the points relied upon by appellant is that the court refused to require the prosecution to elect as to which act of intercourse it relied upon for a conviction. [2] As we have stated, although the testimony of the prosecuting

witness is quite ambiguous, she nevertheless definitely testified that but one such act occurred; consequently this case is not one where the district attorney could be properly required to make an election.

[3] Exception is taken to the rulings of the trial court permitting the prosecutrix to testify that in 1923 appellant indulged in improper familiarities with her in the presence of other persons, and with another young woman, in her presence. It appears that this testimony was elicited upon redirect examination after counsel for appellant had opened the door therefor by cross-examination. The point, therefore, is without merit. (*People* v. *Knight,* 62 Cal. App. 143 [216 Pac. 96].) Evidence of this nature was not offered in an attempt to convict appellant of another or different offense, and was admissible "merely for the purpose of showing the disposition of defendant and the probability of his committing the act with which he was charged." (*People* v. *Martinez,* 57 Cal. App. 771 [208 Pac. 170].)

Other grounds for reversal are assigned, which we do not deem to be tenable, since they have repeatedly been decided in earlier cases, but, for the reasons which we have stated above, we think the judgment and order appealed from should be reversed, and it is so ordered.

Judgment and order denying motion for new trial reversed.

Finlayson, P. J., and Works, J., concurred.