[Crim. No. 1321. First Appellate District, Division One.—October 26, 1926.]

THE PEOPLE, Respondent, v. A. P. SIMPSON, Appellant.

[1] CRIMINAL LAW—CONTINUANCES—DISCRETION—APPEAL.—The action of a trial court in disposing of a motion for a continuance is not subject to interference on appeal except on a showing of abuse of discretion.

[2] ID. — ATTENDANCE OF WITNESSES — SECOND CONTINUANCE — AFFI-DAVITS—DILIGENCE — DISCRETION. — Where a defendant had been granted a continuance to secure the attendance of his witnesses,

---

1. See 8 Cal. Jur. 219; 6 R. C. L. 544.
2. See 8 Cal. Jur. 218,

and the affidavits in support of his motion for a second continuance, except for a recital that a subpoena had been placed in the hands of the sheriff for service, contained nothing to indicate that any effort had been made to procure their attendance, or which would justify the appellate court in holding that there was any abuse of discretion in the denial of the application for a second continuance, nor any showing that the witnesses could be secured if a continuance was granted, it was not an abuse of discretion on the part of the trial court in denying the application.

[3] ID.—ABSENCE OF SAME WITNESS—DILIGENCE.—The rule requiring a showing of diligence is applied with increasing rigidity where a continuance is asked because of the absence of the same witness.

[4] ID.—PIMPING—ELEMENTS OF OFFENSE — STATUTORY CONSTRUCTION. The elements necessary to constitute the offense of pimping as defined by the statute (Stats. 1911, p. 10) are, that defendant must be a male person, he must have knowledge that a certain person is a prostitute, there must be earnings from the prostitution, and defendant must derive his support, in whole or in part, from such earnings, knowing them to have been the proceeds from prostitution.

[5] ID.—EVIDENCE—VERDICT.—In this prosecution for pimping, resulting in the conviction of defendant, it is held that the evidence was sufficient to bring the case within the provisions of the statute creating the offense (Stats. 1911, p. 10).

[6] ID.—ACCOMPLICE—CORROBORATION.—In such prosecution, a female witness, who was an employee of defendant and could not be prosecuted for the same offense charged against defendant, was not an accomplice requiring corroboration of her testimony under section 1111 of the Penal Code, as amended.

[7] ID.—EVIDENCE—TESTIMONY OF DEFENDANT — PROPER REBUTTAL. — In such prosecution, where a witness had testified that she had had intercourse with defendant, and defendant had denied it on direct examination, the admission of testimony in rebuttal that defendant had told another person that he intended to have intercourse with said witness was not prejudicial error.

---

(1) 17 **C. J.**, p. 233, n. 83. (2) 16 **C. J.**, p. 487, n. 92, p. 488, n. 3, p. 489, n. 11. (3) 16 **C. J.**, p. 488, n. 2. (4) 32 **Cyc.**, p. 732, n. 10. (5) 32 **Cyc.**, p. 735, n. 29. (6) 16 **C. J.**, p. 671, n. 71, p. 682, n. 59. (7) 17 **C. J.**, p. 321, n. 47, p. 322, n. 51.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Charles R. Barnard, Judge. Affirmed.

---

4. See 20 Cal. Jur. 387.

The facts are stated in the opinion of the court.

N. Lindsay South for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, for Respondent.

TYLER, P. J.—Defendant was charged, tried, and convicted of the crime of pimping as defined by the statute (Stats. 1911, p. 10). A motion for a new trial was made and denied. This appeal is from the judgment and order. The evidence is of a sordid character, but it is unnecessary for a discussion of the case to review it extensively. Briefly stated, it discloses the following facts: Defendant operated in the city of Fresno what is designated in the record as a massage parlor. The establishment was frequented by male patrons and the duties of the female attendants employed by defendant was to bathe and massage nude men. Sexual commerce was also indulged in. There is evidence to show that defendant was familiar with this fact and that a charge of five dollars was made for a bath, massage, and intercourse. There is also evidence to show that the female attendants operated under a percentage basis, the defendant receiving his share of the money derived from the enterprise.

The grounds relied upon for a reversal of the judgment and order are: (1) That the court abused its discretion in not granting defendant's second motion for a continuance of the trial; (2) insufficiency of the evidence to bring the case within the provisions of the statute creating the offense; (3) that the conviction is based upon the uncorroborated testimony of an accomplice; (4) error of the trial court in failing to instruct the jury as a matter of law that a certain witness was an accomplice; (5) error in the admission of certain testimony. In support of the first ground urged for a reversal it is claimed that the trial court abused its discretion in not granting a continuance. Defendant was arraigned November 28, 1925, and his trial was set for December 6th following. Upon the last-named day he asked for and was granted a continuance on account of the absence of two witnesses, one of whom was Dorothy Dalton, a woman who had been employed by him as an attendant in his business. Defendant expected to prove by this witness, among

other things, that sexual commerce was not practiced in the establishment, but that, on the contrary, defendant always insisted upon proper conduct on the part of the employees of the place. Upon the granting of the motion the court continued the trial until January 11, 1926. When the case was again called for hearing, defendant moved for a continuance upon the former ground and filed affidavits in support of his motion. It appears therefrom that after the first continuance was granted defendant had located and interviewed Dorothy Dalton at a certain hotel in the city of Fresno and he thereafter placed a subpoena in the hands of the sheriff commanding her presence at the trial. No subsequent inquiry was made by him to ascertain if the witness had been served until January 6, 1926, when he was informed by the sheriff that service had not been had for the reason that the witness had left the hotel. The facts recited in the affidavits indicated that the witness was at all times in the city of Fresno. In denying the motion for a second continuance the trial court. concluded that under all the circumstances defendant had not used reasonable diligence to locate the witnesses. **[1]** The action of a trial court in disposing of a motion for a continuance is not subject to interference on appeal except on a showing of abuse of discretion. No such showing is here made. **[2]** Defendant had already been granted a continuance to secure the attendance of his witnesses, and the affidavits in support of his motion for the second continuance, except for the recital that a subpoena had been placed in the hands of the sheriff for service, contained nothing to indicate that any effort had been made to procure their attendance, or which would justify this court in holding that there was any abuse of discretion in the denial of the application. Nor was there any showing that the witnesses could be secured in the event that a continuance was granted. Motions of this character rest very much in the discretion of the trial court and it is only in a plain case of the abuse of such discretion that this court will interfere. (*People* v. *Breen,* 130 Cal. 72 [62 Pac. 408]; *People* v. *Sliger,* 17 Cal. App. 464 [120 Pac. 40]; *People* v. *Chutnacut,* 141 Cal. 682 [75 Pac. 340].) **[3]** The rule requiring a showing of diligence is applied with increasing rigidity where a continuance is asked because of the absence of the same witness. (*People* v. *Leyshon,* 108 Cal.

440 [41 Pac. 480] ; *Ford* v. *Superior Court,* 17 Cal. App. 1 [118 Pac. 96].) **[4, 5]** Equally without merit is the claim that the evidence is insufficient to bring the case within the contemplation of the act. The act, in so far as it relates to the facts of this case, provides in substance that any male person, who knowing a female person to be a prostitute, shall derive support or maintenance in whole or in part from the earnings or proceeds of the prostitution shall be guilty of a felony. So much of the evidence as supports the judgment shows that defendant knew his attendants were prostitutes. He himself was bathed and had intercourse with at least two of them. He knew that they had intercourse with the visitors, and that the greater portion of the receipts, of which he received at least one-half, was derived from this sexual commerce. The elements necessary to constitute the offense are: (1) Defendant must be a male person; (2) he must have knowledge that a certain person is a prostitute; (3) there must be earnings from the prostitution; (4) the defendant must derive his support in whole or in part from such earnings knowing them to have been the proceeds from prostitution. (*People* v. *Fuski,* 49 Cal. App. 4 [192 Pac. 552].) The evidence brings the case squarely within this rule. **[6]** The further claim that the witness Ruby Young, one of the employees of defendant, was an accomplice and that defendant therefore could not be convicted upon her uncorroborated testimony is also without merit. Under the amendment to section 1111 of the Penal Code (Stats. 1915, p. 760), the rule requiring corroboration of the testimony of an accomplice as specified therein is limited to cases where there is evidence which, if true, classifies the witness as one liable to prosecution for the identical offense charged against the defendant on trial. (*People* v. *Brown,* 61 Cal. App. 748 [216 Pac. 58].) It is here manifest that the witness Ruby Young could not be prosecuted for the crime of pimping. The requested instruction was therefore properly refused. **[7]** And finally, appellant complains that the trial court erred in admitting certain testimony to show that defendant had told Ruby Young that he intended to have intercourse with Emma Scharton, another of his employees. The Scharton woman had testified on cross-examination that defendant had inter-

course with her at the massage parlor operated by him. On his direct examination defendant denied this fact or that he had ever made the statement attributed to him. The witness Ruby Young was called in rebuttal and was asked to state whether or not defendant had made such a statement to her. We fail to see how this testimony was in any manner prejudicial to defendant. Aside from any question as to its relevancy as tending to show that defendant knew the character of the attendants and that he was deriving support from the proceeds of their prostitution, the Scharton woman had already testified that defendant had had intercourse with her. There is no merit in the objection. No other questions are raised.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.