[Crim. No. 677.   Fourth Dist.   Sept. 19, 1949.]

THE PEOPLE, Respondent, v. MIGUEL F. LOPEZ, Appellant.

Rosen & Taylor for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

GRIFFIN, Acting P. J.—It was charged in count one of the information that on December 22, 1948, defendant assaulted one Enriqueta Ortiz with intent to commit rape; and in count

two with the violation of section 261, subdivision 5 of the Penal Code in that on the same day he did accomplish an act of sexual intercourse with her, and that she, at the time, was unconscious of the nature of the act, which condition of unconsciousness was known to the defendant. The jury returned a verdict of not guilty as to the first count, and guilty as to the second count.

The complaining witness testified that she was 22 years of age, unmarried, but the mother of two children; that she lived on the lower floor of a two-story house in Indio; that defendant and his mother lived upstairs; that on the night in question she came home from work and stopped in at her room and then went upstairs where defendant and other persons were assembled; that they had been drinking; that she consumed two drinks, went downstairs, had her "supper" and returned; that she had three more drinks but was not drunk; that she returned to her room and lay down on her bed fully dressed; that defendant appeared in the room at about 8:30 p. m. and stated he was going to bed with her; that she refused and he left, and that she then fell asleep; that soon thereafter she felt a blow on the head and lost consciousness; that she recalled that at the time the blow was inflicted she screamed but when she regained consciousness, about 10 p. m. she found that her skirt, belt, and underclothes had been torn off of her; that her face was swollen, bleeding, and was bruised, and a tooth had been broken. There were many circumstances related, unnecessary to set forth in detail, that sufficiently indicate that an act of sexual intercourse had taken place with her. Defendant freely admitted on the witness stand that on the evening in question he was drunk; that about *midnight* on the day in question he tore the belt and clothes from the complaining witness and that he accomplished an act of sexual intercourse with her, but claims that she was not asleep or unconscious at the time. The complaining witness then testified that when she regained consciousness she screamed and cried and that she saw defendant, his mother, and other persons sitting at her bedside and that she asked "who it was that had been with me," and that defendant later said "It was I, it was I." Defendant confessed the act to the chief of police. The next-door neighbor corroborated this testimony in this, that he said he heard screams about the time indicated and heard a noise as though someone had been struck a blow, and that he heard screams which he believed to have been the complaining witness' voice, with which he was familiar. De-

fendant told a witness a story which corroborates the testimony of the complaining witness in many respects. Defendant told this witness that he had sexual intercourse with the complaining witness "without her consent." He denied hitting her, but admitted tearing her clothes from her.

Defendant produced witnesses indicating that the complaining witness might have fallen on the cement floor and obtained the injuries described.

■ First, as we perceive the argument, defendant claims that the court erred in not compelling the prosecution to elect as to the time he claims the act was committed, that is, between 8:30 and 10 p. m. and 12 midnight, since defendant testified he was several miles away from the house between 8:30 and 10 p. m. and did not accomplish an act of sexual intercourse with her until about midnight. This argument should fall of its own weight. The prosecution's evidence establishes that the single act of intercourse described by the complaining witness took place at the earlier time notwithstanding the testimony of the defendant. Whether that act took place before or after 10 p. m. becomes immaterial. (*People* v. *Barton*, 72 Cal.App. 421, 425 [237 P. 767]; *People* v. *Foster*, 117 Cal.App. 439 [4 P.2d 173].)

■ The second point is that defendant was convicted on facts not stated in the opening statement of the prosecutor. Such opening statement need not include all of the evidence which counsel for the prosecution expects to prove. (*People* v. *Ellsworth*, 92 Cal. 594 [28 P. 604].) ■ In fact, there is no provision of law compelling a prosecutor to make an opening statement. (*People* v. *Arnold*, 199 Cal. 471, 486 [250 P. 168].)

■ Third, it is claimed that the court erred in refusing to admit in evidence an affidavit of the prosecutrix for impeachment purposes. The affidavit was written in English by some other person. She admitted signing it but on having it read to her through an interpreter she stated that "she didn't say some parts of it." The affidavit was marked for identification but was not brought up with the record. No request to have it before this court was made. The record does not disclose its contents nor indicate wherein it would impeach any statement made by the complaining witness. The trial court suggested the manner in which counsel could properly proceed to lay the foundation for impeachment, but counsel failed to follow the suggestion. The trial court may have properly sustained an objection to its admissibility. (*People* v. *Wade*,

118 Cal. 672, 675 [50 P. 841] ; *People* v. *Mabrier,* 33 Cal.App. 598, 604 [165 P. 1044].)

█ Fourth, it is argued that the trial court erred in admitting into evidence purported admissions of the defendant prior to the establishment of the corpus delicti. Since there was sufficient proof establishing the corpus delicti the order of proof was discretionary with the trial court. (*People* v. *Ray,* 91 Cal.App. 781, 785 [267 P. 593] ; *People* v. *Wiezel,* 39 Cal.App.2d 657 [104 P.2d 70].)

█ Fifth, defendant assigns as error the trial court's refusal to give certain instructions offered by the defendant. We find no request for the instructions, given or refused, to be included in the transcript, and our search reveals no properly certified copy of such instructions. It is well settled that an appellant must produce a record which discloses that an error relied upon has, in fact, occurred. (*People* v. *Ramirez,* 139 Cal.App. 380, 382 [33 P.2d 848] ; rule 33(b) of the Rules on Appeal.) Under the circumstances, we are unable to consider them.

█ Sixth, it is stated that there was no evidence that the complaining witness was unconscious of the nature of the act at the time it was being committed and therefore the verdict was against law, citing *State* v. *Ely,* 114 Wash. 185 [194 P. 988] ). The facts of that case are quite dissimilar to the facts in the instant case. The conviction there, nevertheless, was affirmed. The court pointed out that it would be enough for the prosecutrix to be unconscious in the sense that she had lost her senses, and would suffice if she might have all of her faculties but still not know the nature of the act at the time it was being done. The prosecutrix' testimony shows that she was struck in the face by a blow which rendered her unconscious, and that she remained unconscious during the commission of the claimed act. The jury must have believed her testimony as opposed to that of the defendant. The testimony and circumstances show, and the inference would follow, that she was, during such period, unconscious of the nature of the act being committed and unconscious while the act was being perpetrated upon her, and that such condition of unconsciousness was then and there known to the defendant. ·

█ Finally, defendant asserts that the trial court committed prejudicial error by refusing to grant defendant's motion to dismiss count one of the information after the jury was selected. The grounds for such dismissal are not clear but it is indicated that since defendant was charged with the

offense of rape, as set forth in count two, he could not also be convicted of *assault* with intent to commit such an act as charged in count one. In disposing of the motion, the trial judge assured counsel that he would instruct the jury that it could not convict the defendant on both counts. Counsel for defendant then stated: "That is satisfactory." Since the jury found the defendant not guilty on count one, the defendant could not well say that he suffered prejudice by the failure of the court to dismiss that count.

This disposes of all questions properly raised on the appeal from the judgment and the order denying the motion for new trial. The attempted appeal from the order denying the moiton for arrest of judgment is dismissed. (*People* v. *Bentson*, 132 Cal.App. 295, 297 [22 P.2d 734].)

Judgment and order denying new trial affirmed.

Mussell, J., concurred.