THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELVIN SANTIAGO RAMÍREZ, Defendant and Appellant.

No. 15913. Argued March 1, 1955.—Decided March 15, 1955.

*William Morales Torres* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Ramón Olivo Nieves, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Elvin Santiago Ramírez was charged with grand larceny. The case was tried by a court without a jury which found him guilty and sentenced him to serve from one to one and a half year's imprisonment in the penitentiary. Defendant appealed and in the first assignment of error alleges "that the trial court erred in not warning defendant that he had the constitutional right to a trial by jury." According to the record, when the case was called, the following incident occurred:

"Prosecuting Attorney: We are ready.

"Mr. Nieves López: We are going to waive our right to a a trial by jury. We waive the right to a trial by jury and the case will be tried by a court without a jury.

"Judge: Did you hear that your attorney waives the right to a trial by jury?

"Defendant: Yes, Sir.

"Did you hear that your attorney said that he has waived the right to a trial by jury and that the case is going to be tried by a court without a jury?

"Yes, Sir, it is all right.

"Do you request that the case be tried by a judge instead of by a jury?

"Defendant: As the attorney says, that it be tried by jury.

"Judge: Then, we shall select the jurors.

"Secretary: Ermelindo Rivera Figueroa, Jayuya; Julio Alvarado, Orocovis; Alfredo Miranda, Coamo; Rafael Rivera, Yauco; Carmelina Torres de Royo, Ponce; Nicomedes Santiago, Juana Díaz. . . .

"Mr. Nieves López: Before you continue calling the jurors, defendant has changed his mind and he wants the case to be tried before a court without a jury instead of a court with a jury.

"Judge: Did you hear what the attorney said?

"Defendant: Yes, Sir.

"Do you agree with what he said?

"Yes, Sir.

"That is, you want the Judge, not the jury, to hear the case?

"Yes, Sir.

"The members of the jury who have been called, have heard what defendant has said, that he has changed his mind and that he wants me to try the case. Proceed with the reading of the information.

"(The Secretary reads the information.)

"Mr. Nieves López: Not guilty, your Honor."

Defendant's conduct, as recited above, was equivalent to a waiver of his right to a trial by jury. The court was not bound to instruct him about that right. It is presumed that defendant knew it. In *People* v. *Figueroa*, 77 P.R.R. 175, we said:

"Article II, § 11, par. 2, converted the previous statutory right to a trial by jury in a felony case into a constitutional right. *Informe de la Comisión de Carta de Derechos*, XXI Revista Jurídica de la Universidad de Puerto Rico 1, 15–16; *Notes and Comments on the Constitution of the Commonwealth of Puerto Rico*, 42. But the debate in the Constitutional Convention made it crystal clear that par. 2 was not intended to make trial by

jury in felony cases mandatory in Puerto Rico. *The right to a trial by jury in such cases*—although now a constitutional rather than a statutory right—*remains as in the past a privilege of the defendant who may waive it. Diario de Sesiones, Convención Constituyente de Puerto Rico,* 605; *Ramos* v. *Rivera,* 68 P.R.R. 509, 520. . . ." (Italics ours.)

See also *People* v. *Tosado Cordero,* 77 P.R.R. 409, and *People* v. *Vargas,* 74 P.R.R. 134, 140. Therefore, the first error assigned was not committed.

 Appellant also contends that "the court erred in not requiring the prosecuting attorney to introduce the theory of his case." According to paragraph 3 of § 233 of the Code of Criminal procedure:

"The prosecuting attorney or other counsel of The People of Puerto Rico must open[1] the case by stating orally to the jury or the court, as the case may be, the nature of the crime which he expects to prove, the circumstances under which the crime was committed, the proofs which he expects to produce for upholding his charge or complaint, and shall gather and offer his evidence in support of his charge or complaint";

The record reveals that when the first witness, who was the victim, was called, the following incident took place:

"Prosecuting Attorney: Your name?
"Witness: Leida Morales Rodríguez.
" . . . . . . . .
"Judge: Does the prosecuting attorney wish to present his theory?

---

[1] Section 1093 of the Penal Code of California has certain similarity with § 233 of our Code of Criminal Procedure. However, subd. 2 of the California Code, which is the one that seems to correspond to the aforesaid subd. 3 of § 233 of our Code, only provides that:
"The district attorney, or other counsel for the people, *must open the cause* and offer the evidence in support of the charge." (Italics ours.) Construing that legal precept, it was held there that "a prosecutor in a criminal action is not required to make an opening statement." See *People* v. *López,* 209 P. 2d 439, 441 (Cal. 1949); *People* v. *Arnold,* 250 Pac. 168 (1926), 199 Cal. 471, 486. *Cf. State* v. *Barton,* 22 So. 2d 183; *State* v. *Shuff,* 3 So. 2d 278; *State* v. *Brown,* 156 So. 359; *People* v. *Levine,* 77 N. E. 2d 129; *People* v. *McLaughlin,* 53 N. E. 2d 356.

"Prosecuting Attorney: We are not going to present the theory. It will be revealed by the evidence.

"Mr. Nieves López: And by the record."

Therefore, it is clear that the defense specifically consented that the prosecuting attorney should not state his theory to the court. "The purpose of the opening statements of the prosecution and of the defense is to prepare the jury so that they may be able to understand and duly interpret the evidence subsequently to be submitted to them in support of the theories advanced." *People* v. *Pierantoni*, 60 P.R.R. 13, 16. If defendant wished to have this statutory requirement complied with, instead of consenting that the prosecuting attorney should not state his theory of the case, he should have insisted on the compliance of that provision of the law. Under the circumstances, even accepting, for the sake of argument, but without deciding it, that in this jurisdiction the statutory provision is compulsory, defendant waived the same. Besides, the question can not be posed for the first time on appeal.

■ The last error assigned by appellant is that "the appellate court erred in weighing the evidence, as the evidence admitted is not sufficient to justify a conviction." As the *Fiscal* of this Court correctly summarizes it: "The evidence of the People discloses that on May 8, 1954, the victim, Leida Morales Rodríguez accompanied by a friend was dancing on a terrace. A young man with whom she was dancing tried to take certain liberties with her of which she protested and complained to her friend. The latter was attacked with a bottle and when the victim saw him wounded she ran out of the place. On leaving, she stumbled against defendant, appellant herein, who grasped her by her hand and tried to take her to a car which was parked nearby. She resisted and another man by the name of Johnny González arrived (who) asked Elvin Santiago to set the girl free. When defendant

let her loose, he kept the wrist watch which she had on her left arm. The victim went on Sunday to inform the police (the incident occurred on Saturday night) but at the police station she was told to come back on Monday. The wrist watch had not been returned to Leida Morales at the time of the trial, although it had been recovered by the police."

The evidence of the defense, as the *Fiscal* summarizes it, tended to "show that a discussion arose at the dance and that Elvin Santiago Ramírez took the girl away from the place and on reaching the door Johnny González also pulled her by hand and took her out of there. After the struggle defendant . . . found a watch on the floor, but there were several persons who claimed it as their own. Leida Morales Rodríguez also alleged that defendant had taken the watch from her wrist. Defendant . . . took the wrist watch which . . . he had found and gave it to his mother to be given to its owner if it appeared, or otherwise to be handed over to the police. When the police during the course of the investigation went to defendant's house, his mother gave the watch to them."

It may be seen at once that there was a conflict in the evidence, but the judge who tried the case settled the conflict and concluded that defendant had taken the watch from Leida's hand for the purpose of stealing it. That finding is unquestionably supported by the evidence which the court had before it. *People* v. *Bastián,* 71 P.R.R. 789.

 In discussing the third error, defendant also maintains that the elements of the crime of larceny are essentially different from those of robbery, and that if the evidence introduced by the prosecution was believed, "the People proved a crime of robbery and not of larceny."

According to § 238 of the Penal Code:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, *accomplished by means of force or fear.*" (Italics ours.)

And according to § 426 of the same Code:

"*Larceny* is the felonious stealing, taking, carrying, leading, or driving away the personal property of another,"

grand larceny (§ 428) being that which is committed (2) "when the property is taken from the person of another." The crimes of robbery and of grand larceny are similar in that in both cases there is the taking of personal property, belonging to a third person, which the person taking it intends to appropriate to himself. Also, in robbery as well as in grand larceny the property may be taken from the actual person of the victim. However, to constitute robbery, property must be taken "by means of force or fear," while to constitute the form of grand larceny to which we refer it is enough that the property be taken from the person of the victim without force. *Cannon* v. *State*, 107 P. 2d 809. Both crimes are felonies and larceny is clearly included in robbery. *People* v. *Church*, 116 Cal. 300. With the evidence before it, the court could very well find defendant guilty of the crime of larceny with which he was charged.

Since none of the errors assigned was committed the judgment appealed from will be affirmed.

---

MR. JUSTICE NEGRÓN FERNÁNDEZ, concurring.

I agree with the result. In the instant case, on the day of the arraignment, defendant requested, and it was ordered by the court, that the case be tried by jury. On the day of the trial when the first steps for the selection of the jury were taken, defendant waived his right to a trial by jury, through his counsel and personally. These facts show that defendant knew his right to be tried by a jury; that he asserted that right, which was recognized at all times, and that, in waiving it, he made use of a prerogative exclusively his own. In this last act there appears no defect which invalidated the proceeding which culminated in his conviction.