[Crim. No. 3196. First Dist., Div. Two. Apr. 9, 1956.]

THE PEOPLE, Respondent, v. LEWIS ELMER FRAYER, Appellant.

Johnson, Thorne, Speed & Bamford and Robert W. Speed for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Victor Griffith, Deputy Attorney General, N. J. Menard, District Attorney (Santa Clara), and John Schatz, Deputy District Attorney, for Respondent.

NOURSE, P. J.—Appellant was found guilty of pimping (Pen. Code, § 266b) and was granted probation. He appeals from the final judgment, which is the order granting proba-

tion (Pen. Code, § 1237, subd. 1). The only question presented by the appeal is whether the prostitute from whose earnings defendant was found to have lived and who was the main witness at the trial, was an accomplice whose testimony required corroboration (Pen. Code, § 1111). Appellant's contentions that for lack of such corroboration the evidence did not support the verdict and that the court erred in refusing the instructions offered by defendant with respect to accomplices and the requirement of corroboration of their testimony are both answered by our conclusion that the prostitute was not an accomplice.

In *People* v. *Simpson,* 79 Cal.App. 555, 559 [250 P. 403] it was held that a woman from the gains of whose sexual activities in defendant's "massage parlor" defendant took his share was not an accomplice of defendant in the pimping of which he was convicted, because section 1111, *supra,* requires the accomplice to be liable to prosecution for the identical offense as charged and it was "manifest" that the witness could not be prosecuted for pimping which requires a male defendant deriving support from the earnings of known prostitution. However, in *People* v. *Young,* 132 Cal.App. 770 [23 P.2d 524], it was held that a woman can be charged with pimping as a principal under the provision of Penal Code, section 31 which includes among principals persons concerned in the commission of a crime who not being present have advised its commission. Although the latter case seems in conflict with the reasoning of the Simpson case it does not necessarily conflict with its decision. Both decisions seem correct. With respect to the related offense of pandering (Pen. Code, § 266i) it is settled that a woman who complies in her own procurement as an inmate for a house of prostitution is not an accomplice of the procurer, but that such inmate who aids and abets in the procurement of another woman can be an accomplice. (*People* v. *Wilkins,* 135 Cal.App.2d 371, 378 [287 P.2d 555]; *People* v. *Montgomery,* 47 Cal.App.2d 1, 10, 15 [117 P.2d 437].) The distinction can be rationalized under the rule that "an accomplice must stand in the same relation to the crime as the person charged therewith and must approach it from the same direction." (*People* v. *De Paula,* 43 Cal.2d 643, 647 [276 P.2d 600], where this rule is used to take out of the rule of Penal Code, section 31 that an aider and abetter is a principal, a minor used in the unlawful transportation of a narcotic.) The woman who permits herself to be criminally exploited is not in the same relation to the crime and does not

approach it from the same direction as the exploiter, but a woman who assists in the exploitation of another woman is in the same position as the exploiter. The prostitute in the case before us, like the woman in the Simpson case, permitted herself only to be exploited and under the above authorities is not an accomplice.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.