[Crim. No. 7085. Second Dist., Div. Two. Sept. 27, 1960.]

THE PEOPLE, Respondent, v. ISADORE BERGER et al., Defendants; FREEMAN LAFFERTY, Appellant.

Gerald J. Levie and Maynard D. Davis for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

NOURSE, J. pro tem.*—Defendants were convicted of two counts of violation of Penal Code, section 266h, pimping. Defendant Lafferty alone appeals from the judgment of conviction.

In the first count of the information, the defendants were charged with violation of section 266h of the Penal Code in that knowing Velzora C. Wise to be a prostitute they did live and derive support and maintenance from her earnings as a prostitute. By the third count of the information they were charged with the violation of Penal Code, section 266h, but this count named Emma Smith as the prostitute upon whose earnings they lived.[1]

Appellant was convicted on the testimony of three witnesses: Mrs. Velzora Wise, Miss Emma Smith and Officer Charles B. Brady. Mrs. Wise and Miss Smith testified that they are both prostitutes and that they carried on this activity during the period of February through August of 1959, in an apartment in Hollywood. Both women testified that they first met appellant during April, 1959, when he came to their apartment as a "customer." Appellant engaged in an act of sexual intercourse with Mrs. Wise and thereafter appellant

*Assigned by Chairman of Judicial Council.

[1] We are not here concerned with counts II, IV or V of the information.

and the two women engaged in a conversation, the substance of which was that appellant informed Mrs. Wise and Miss Smith that he had a hotel and would be able to supply "customers" on a 60-40 basis (60 per cent of the income thus derived to be retained by the women and 40 per cent to be paid over to appellant for his services in procuring "clients"). Mrs. Wise and Miss Smith agreed to the arrangement and during the next three months engaged in acts of prostitution with a large number of "customers" sent to them by appellant. These engagements were arranged by telephone. The witness Wise testified that appellant would sometimes come to the apartment where she and Miss Smith were conducting their profession on Saturday, and at other times he would send others, to collect his share of their earnings. During this period appellant was paid a total of about $400. A record book of the payments, kept by the women, was apparently confiscated by police officers some time in June, but this book was not produced.

Officer Brady testified to a telephone conversation between appellant and Mrs. Wise which he heard, and which he had caused to be recorded through an electronic device that he attached to Mrs. Wise's telephone with her consent. The greater part of this conversation concerned a possibility of Mrs. Wise and Miss Smith entering a hotel, which was seemingly under the management of appellant, as prostitutes, appellant offering them 50 per cent of their earnings so to do. Other portions of the conversation, however, referred to relationships in the past between Mrs. Wise and appellant. This portion of the conversation is set forth in the footnote.[2]

---

[2] "'He[r] next statement was, 'Well, I could talk to Jean. I hadn't thought about working any other time for you except on the weekends.' His statement was, 'Well, let me see; are you at this Madison number? Are you in the downtown area, or something?' To which she replied, 'Uh-huh; I'm not too far from where you are, I don't think. You are at the Norwood?' His answer was, 'No, honey, we are at the Mercer.' She said, 'The Mercer?' His answer was, '1547 South Hill.' To which she said, 'Oh—well, I was still thinking you were over at the Norwood.' His answer, 'It is not far. I mean it's real close, only about five blocks from each other.' She stated, 'That isn't bad at all. Well, what do you *have for out*, anything? I mean, *to send out here*, being as we are not too far from you, you know.' His answer was, 'Well, where are you, what street?' And she replied, '1425 West 2nd.' He stated, '1425 West 2nd, my God, you did get downtown.' She replied, 'Oh, we sure did.' He further stated, 'Well, if I could think of some out, you know, I will give you a buzz. How late is it all right to call?' She answered, 'Well, right now is all right to call any time.' He said, 'Uh-huh.' And she said, 'Yah, and it *is* on the twenties, *is it still the forty per cent*?' To which he replied, 'Yah, that would be on the out, honey.' . . . His answer,

Appellant asserts that Mrs. Wise and Miss Smith were each an accomplice to each of the crimes charged, that the conviction therefore cannot be sustained, unless their testimony is corroborated (Pen. Code, § 1111), and that as each is an accomplice, the testimony of neither is competent to corroborate the testimony of the other (*People* v. *Creegan*, 121 Cal. 554, 557 [53 P. 1082]). He further asserts that there is no other evidence corroborating the testimony of either Miss Smith or Mrs. Wise. We cannot agree.

As to the crime charged in count I of the information, Miss Smith was undoubtedly an accomplice of appellant, and, as such, under section 31 of the Penal Code, she could have been prosecuted for the identical crime with which appellant is charged, that is, violation of section 266h of the Penal Code. (*People* v. *Young*, 132 Cal.App. 770 [23 P.2d 524] ;[3] *People* v. *Courtney*, 176 Cal.App.2d 731, 741 [1 Cal. Rptr. 789].) Also, as to the crime charged by count III of the information, Mrs. Wise was an accomplice. It does not follow, however, that either Mrs. Wise or Miss Smith was an accomplice to the crime charged in the counts of the information in which she was named as the female person from whose earnings as a prostitute appellant derived support and maintenance, and for whom appellant solicited. To the contrary, it has been uniformly held in this state that the woman

'No, but I mean that's the reason that you were the 50 per cent. We pay your fine and your bail, you see. Now with sixty-forty, you are on your own.' To which she replied, 'Uh-huh.' He further stated, 'If someone should follow your customer, or watch your place or something, then you would have to pay your own fine and your own bail.' She replied, 'Uh-huh. How would be the best way on that? Do you want to stop and pick up the money or ——' To which he interrupted and stated, 'Well, just let it accumulate.' She replied, '*Accumulate —— I was wondering, being as Eddie was picking it up before, and he decided to pick it up again, would that be okay with you, too?*' To which he replied, 'No.' She said, 'I mean, does he work with you any more?' His answer was, 'No, don't give Eddie any of my money because he doesn't come up with it.' . . . He stated, 'It wouldn't be too awful much, honey, that I would be able to send you out, because, you know—*before, we would send it out because the place was, you know, warm.*' She stated, 'Uh-huh.' He said, 'See, but ——' To which she replied, 'You're okay now?' He said, 'Yes, so far it has been exceptionally good.' She stated, 'Oh, wonderful, you haven't got any more of your odd characters, have you?' He stated, 'Like who?' She stated, 'Well, that one with the goofy hair that we had before.' He stated, 'The one that you run off?' She said, 'Uh-huh.' '' (Emphasis added.)

[3]Although it does not appear upon the face of the opinion of the district court of appeal that the appellant in the cited case was not the prostitute whose earnings as a prostitute were the result of solicitation, an examination of the record in that case shows that she was an active participant with a male in ''pimping'' for another woman, a prostitute.

who is exploited by a male in violation of section 266h is not an accomplice of the man who exploits her. (*People* v. *Simpson,* 79 Cal.App. 555, 559 [250 P. 403] ; *People* v. *Frayer,* 140 Cal.App.2d 597, 598 [295 P.2d 456].) The court said in *People* v. *Frayer, supra,* at page 598-599 : ''The woman who permits herself to be criminally exploited is not in the same relation to the crime and does not approach it from the same direction as the exploiter, but a woman who assists in the exploitation of another woman is in the same position as the exploiter.'' (See *People* v. *De Paula,* 43 Cal.2d 643, 647 [276 P.2d 600].)

Appellant relies on *People* v. *Traub,* 175 Cal.App.2d 709 [346 P.2d 805]. In this case, the appellant Traub had been convicted of conspiracy to violate section 266h of the Penal Code. On appeal, he asserted that the testimony of the woman whom he had exploited was uncorroborated, that her uncorroborated testimony was by reason of Penal Code, section 1111, insufficient to sustain the verdict of conviction. The appellate court held that the other evidence given amply supported the testimony of the alleged accomplice and affirmed the judgment of conviction. On the appeal in the cited case, no question was raised, nor does the court discuss, whether or not the exploited woman was in fact an accomplice of the exploiter. The court merely assumed that she was and then held that even so assuming, her testimony was sufficiently corroborated.

We are convinced that the testimony given by Officer Brady, and which we have heretofore set forth, is sufficient to corroborate the testimony of the witnesses Smith and Wise, even though they be considered accomplices. ▮ The testimony offered as corroborating is sufficient if it tends to connect the defendant with the crime in such a way as reasonably may satisfy the jury that the accomplice is telling the truth, and is such as to connect the defendant with the commission of the crime. (*People* v. *Trujillo,* 32 Cal.2d 105, 110-111 [194 P.2d 681] ; *People* v. *Henderson,* 34 Cal.2d 340, 342-343 [209 P.2d 785] ; *People* v. *Traub, supra,* at page 712.) ▮ The corroborating testimony may consist of extrajudicial statements made by the defendant. (*People* v. *Griffin,* 98 Cal. App.2d 1, 25 [219 P.2d 519] and cases there cited.) ▮ The conversation between Mrs. Wise and appellant, as testified to by Officer Brady, certainly met this test. In it appellant confirmed that he had theretofore solicited and furnished customers to Mrs. Wise, and that the division of her earnings

had been 60-40, and that he had received his 40 per cent from her. Certainly this connects him with every element of the crime charged and the least that can be said is that the jury was entitled to find that it did corroborate the testimony of Wise and Smith.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.