[Crim. No. 4635. First Dist., Div. Three. Feb. 3, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ABE RAY-
MOND ULIBARRI, Defendant and Appellant.

Benjamin M. Davis and Elfriede F. Sobiloff for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and James Murad, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—This is an appeal from a conviction entered upon a jury's verdict finding appellant and Frederick D. Funk guilty of the felony of violating section 182 of the Penal Code by conspiring to violate section 488 of the Penal Code (petty theft).

### Facts

At about 11 p.m. on Friday, September 20, 1963, Officers Hurley and Dickson of the San Francisco Police Department were in a parked automobile in the 1600 block of California

Street, San Francisco. They observed two men, later identified as Abe Raymond Ulibarri, appellant, and Funk, a co-defendant who pleaded guilty. The men approached a parking meter, meter 1665, on California Street. Funk placed his hands on the meter. The meter door swung open and the door closed, and then Funk made a motion to his rear to appellant, who was standing behind him.

A similar procedure was followed by appellant and Funk as they progressed from meter to meter down California Street. Although the officers did not see the coins drop from the meters or hear the characteristic sound of money falling, they did on several occasions observe the door of the meter opening and being closed.

The officers approached appellant and Funk and identified themselves as police, whereupon Funk struck Officer Dickson in the forehead and attempted to make a throwing motion which was blocked. Funk, managing to break away from Officer Dickson, made a throwing motion, and a shining object was observed leaving his hand and falling into the middle of the street. Officer Hurley removed from the waistband of appellant's sport coat a gray cloth sack containing $6.65 in nickels, dimes and pennies.

The officers located the object which Funk had thrown. It was a key, capable of unlocking and locking the parking meter cash boxes in the 1600 block of California Street. The officers proceeded from meter to meter opening them and then closing each of the meters they had observed appellant and Funk open. In each instance the cash box was empty. Of all the meters on the south side of California Street, only the second meter from the intersection of California and Van Ness contained coins. This meter was the only one which had been by-passed by appellant and Funk.

Appellant, upon being confronted by Officers Dickson and Hurley, stated that he had not met Funk before and had only momentarily stopped him to ask directions to some hot night spots in town. He said he was new in town and that he lived at 3637 or 3736 16th Street, in the Mission. However, his wallet contained a slip of paper with the address 585 Geary Street written on it. An examination of the names listed on mailboxes at 585 Geary Street disclosed that apartment 401 was listed under the name of A. Ulibarri. Funk lived in apartment 502 at 585 Geary Street. The manager of the apartment building testified that she had seen appellant and Funk conversing.

Appellant was convicted of conspiracy to commit petty theft and was placed on probation, but on condition that he serve one year in the county jail.

### Conspiracy as Preceding the Overt Act

The overt act charged is that the defendants ''did meet together at the 1600 block of California Street.'' Appellant argues that there is no evidence to indicate an agreement between the defendants prior to their meeting on California Street, and that the act of meeting could have been only a part of the agreement or conspiring. Therefore, says appellant, no overt act in *pursuance* of the conspiracy was charged, but only an act, the meeting, which was of the essence of the conspiracy itself. Appellant cites *Dahly* v. *United States,* 50 F.2d 37, for the rule that the overt act which is charged and proved must be a subsequent, independent act following the complete agreement or conspiracy, and done to carry into effect the object of the conspiracy. ■ But there is substantial evidence of agreement prior to the meeting on California Street. ■ It is sufficient, of course, if the evidence is wholly circumstantial. (*People* v. *Calhoun,* 50 Cal.2d 137 [323 P.2d 427]; *People* v. *Buckman,* 186 Cal.App.2d 38 [8 Cal. Rptr. 765].) ■ Here, there are the circumstances that the two men lived in the same apartment building, that the manager had seen them conversing, and that appellant, on confrontation by the police, attempted to deceive them into believing that he had but casually met Funk in order to ask information. The highly coordinated activity between the two men in their swift and smooth larceny is evidence of earlier strategy. Appellant's bag and Funk's key, the jury no doubt concluded, were not the implements of spontaneous criminality.

### Jury Instructions

■ The court stated in one instruction that the proof, if it existed, was necessarily circumstantial, as in all conspiracy cases. The instruction is somewhat too broad because an entire conspiracy case could be made out by direct evidence, but there is no prejudicial error here.

■ Appellant argues that an instruction that misleading statements concerning the charge may be considered as a circumstance tending to prove consciousness of guilt, is error because the misleading statements would indicate only a consciousness of theft and not of conspiracy. This is not so, because the misleading statements were denials of acquaint-

ance of Ulibarri with Funk, and therefore were related to possible conspiracy.

 It is further argued that the instruction that if either defendant were to commit an overt act it would be sufficient was misleading because the charged overt act was a meeting which requires participation of both. The instruction may have been inappropriate, but it was harmless.

 Instructions requested by appellant, which he claims were improperly refused, were properly withheld from the jury. The instruction that no evidence of an act or declaration of a conspirator shall be considered against an alleged coconspirator until the conspiracy be first proved, was inappropriate because all of the acts were participated in jointly. (*People* v. *Cancimilla,* 197 Cal.App.2d 242, 250 [17 Cal.Rptr. 498].) An instruction that if one conspirator commits an act outside the scope of the conspiracy he alone is responsible, was properly rejected. There was no evidence of any such act.

### Use of the Conspiracy Statute

 Appellant argues that it was unfair to elevate a petty theft to the status of felony by charging conspiracy, even if two persons were involved. The selection of the appropriate offense to be charged is the function of the district attorney. It may be observed that appellant was previously convicted of burglary, and his partner had been convicted of three felonies, and these facts, no doubt, were considered by the prosecutor.

### Application of the Dorado Rule

 At oral argument, counsel for appellant made the point that appellant's remarks to the police were used against him, and these were made when he did not have the advice of counsel and when he was not informed of his right to counsel. Since then, the case of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], has been decided by the Supreme Court. We do not deem the rule of the *Dorado* case to be applicable. In *Dorado,* the officers admittedly attempted to get Dorado to confess, and they succeeded. Ulibarri made no confession or admission. On the contrary, what he said to the police would, if it had been true, have been helpful to him, namely, that he did not know Funk and that he lived at a different address from that of Funk. These statements he made at the time of his arrest, and again at the police station. The *Dorado* rule, we believe and hold, does

not purport to protect the accused from the effects of his deliberate mendacity to the police, which he has tried to make useful in his own behalf but which has been exposed and has backfired on him.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1965.