FOURT, J.
 

 This is an appeal from a judgment of conviction of conspiracy (§ 182, subd. 1, Pen. Code), and pandering (§ 266i, Pen. Code).
 

 In an information filed in Los Angeles on December 19, 1963, appellant with Melvin Mack Brown, Willie Charles White, Varina Ann Griffin and Venera De Bois, was charged with conspiracy to violate certain numbered sections of the Penal Code in that they did between December 31, 1962, and about April 1, 1963, and within three years prior thereto,
 
 *555
 
 conspire, combine and agree together to commit the crimes of pandering (§ 266i, Pen. Code), pimping (§ 266h, Pen. Code), soliciting for prostitution (§ 647, subd. (b), Pen. Code), keeping houses of ill-fame (§ 315, Pen. Code), keeping disorderly-houses (§ 316, Pen. Code), prevailing upon persons to visit places of prostitution (§ 318, Pen. Code) and to commit acts injurious to the public health and in furtherance of the conspiracy committed certain overt acts; (1) during the first two weeks of January 1963 Brown and appellant met with Catherine Ann Dudley and discussed with her the prospect of her becoming a prostitute, (2) that on January 13, 1963, Brown, appellant, Varina Ann Griffin, Venora De Bois and Linda Lashay met with Catherine Dudley and discussed with her the prospect of her becoming a prostitute, (3) that on January 13, 1963, appellant provided a Ford car and places to be used for prostitution and transportation for prostitution, (4) that on January 13, 1963, Griffin, De Bois and Lashay accompanied Catherine Dudley and coached her in prostitution, (5) that on January 13, 1963, Brown received the money proceeds of Catherine Dudley’s prostitution, (6) that from January 14, 1963, until about February 15, 1963, De Bois and Lashay solicited men to become customers of Catherine Dudley in acts of prostitution, (7) that from January 14, 1963, to until about April 1, 1963, Brown received the proceeds of prostitution from Catherine Dudley, (8) that from January 14, 1963, until about April 1, 1963, Brown provided for Catherine Dudley and others places to be used for prostitution, (9) that from January 14, 1963, until about April 1, 1963, White provided for Catherine Dudley and others places to be used for prostitution and (10) that on or about March 7, 1963, appellant, Brown, Griffin and De Bois discussed going to San Francisco to engage in prostitution. In count II appellant and his codefendants were charged with pandering in that they did on or about January 7, 1963, procure for Catherine Dudley a place as an inmate of a house of prostitution. Counts III, IV, V and VI were related charges. Appellant pleaded not guilty to all counts. The information was dismissed as to Varina Griffin in order that she could be called as a witness for the prosecution. After several mistrials the cause went to trial before a jury on June 2, 1966. Prior to the final trial date, Mack Melvin Brown pleaded guilty to count I of the information. Appellant was found guilty as charged in counts I and III of the information and not guilty as to the remaining
 
 *556
 
 counts. Appellant was sentenced to the state prison on each of the counts, the terms to run concurrently.
 

 A résumé of some of the facts is as follows: Griffin testified that with Dudley, on January 1, 1963, she had gone to a club in Los Angeles and there had met Brown at about 4 to 5 a.m. At that time Griffin and Dudley lived together in an apartment in Montebello. Further, that Griffin and Dudley returned to the apartment with Brown and appellant in appellant’s 1962 Ford car. She also stated that during the early part of the second week in January 1963 Griffin and Dudley moved into a motel at the suggestion and with the help of appellant and Brown. Brown told of the various benefits that could be derived from prostitution. On about January 12, 1963, Griffin saw appellant and with Dudley and Brown went to a restaurant and ate. Afterwards they went to an apartment on Gramercy, riding in appellant’s car. At the apartment, Griffin was introduced to De Bois by appellant in the presence of Dudley and Brown. The subject of prostitution was discussed and appellant told Griffin to get ready, that she was going to work with De Bois that evening. Griffin left with De Bois and went onto the streets where she solicited men for acts of prostitution. Griffin committed acts of prostitution at the apartment on Gramercy and at an apartment on Norton Street in Los Angeles. Griffin used appellant’s ear in transporting herself in her activities. She earned about $80 on the night of January 12, 1963, and gave the money to appellant. On January 13, 1963, Griffin met with Dudley, Brown and appellant and discussed prostitution and Dudley and Brown talked of Dudley’s committing prostitution on that night. Thereafter, Griffin and Dudley worked on the streets, using appellant’s ear in the activity. Dudley expressed some uncertainty and nervousness about the prospects of becoming a prostitute and appellant gave Dudley a pill (a “bennie”) and told her that it would quiet her down. Appellant gave instructions to the girls that they were to call the apartment before bringing their customers there so that appellant and Brown would be gone. Dudley performed acts of prostitution at the Gramercy apartment and at an address on Norton Street. Without relating any more of the sordid details, suffice it to say that the record clearly discloses that Dudley became a prostitute, because of the inducements made by appellant and Brown. Considerable sums of money from prostitution activities were turned over to appellant. The testimony supports the findings and determination of the jury.
 

 
 *557
 
 Appellant asserts on appeal that the evidence is insufficient to support the judgment under count III (pandering). He seemingly argues that because there was no “house of prostitution” he could not be guilty as charged. Pandering is not limited to procurement of a place in a “house of prostitution” in the literal sense of that phrase. Section 266i of the Penal Code has been construed to encompass any place where prostitution is allowed or encouraged. The statute has been applied to a taxicab
 
 (People
 
 v.
 
 Nasworthy,
 
 94 Cal.App.2d 85, 91 [210 P.2d 83];
 
 People
 
 v.
 
 Courtney,
 
 176 Cal.App.2d 731, 738 [1 Cal.Rptr. 789]), and to a single-room or apartment.
 
 (People
 
 v.
 
 Martin,
 
 228 Cal.App.2d 677, 680 - 681 [39 Cal.Rptr. 669];
 
 People
 
 v.
 
 Frey,
 
 228 Cal.App.2d 33, 53 [39 Cal.Rptr. 49], See also
 
 People
 
 v.
 
 Osuna,
 
 251 Cal.App.2d 528, 533 [59 Cal.Rptr.
 
 559]; People
 
 v.
 
 Mead,
 
 145 Cal. 500, 505 [78 P. 1047].) There is no doubt from the record in this case that Catherine Dudley was provided with places to commit acts of prostitution on January 13, 1963, and that appellant’s sending Catherine Dudley to work with De Bois and providing his car for use in the business constituted his aiding and abetting of the procurement of Catherine Dudley. A woman’s consent to becoming a prostitute is immaterial.
 
 (People
 
 v.
 
 Montgomery,
 
 47 Cal.App.2d 1 [117 P.2d 437].)
 

 Griffin was an accomplice but her testimony was fully corroborated by Catherine Dudley, the victim. (See
 
 People
 
 v.
 
 Montgomery, supra,
 
 47 Cal.App.2d 1;
 
 People
 
 v.
 
 Frey, supra,
 
 228 Cal.App.2d 33;
 
 People
 
 v.
 
 Langlois,
 
 220 Cal.App.2d 831, 833 [34 Cal.Rptr. 116] ;
 
 People
 
 v.
 
 Wilkins,
 
 135 Cal.App.2d 371, 378 [287 P.2d 555].)
 

 The evidence is clear to the effect that appellant wilfully and knowingly aided and abetted Brown’s efforts to procure for Catherine Dudley a place as an inmate of a house of prostitution on January 13, 1963. (See
 
 People
 
 v.
 
 Marron,
 
 140 Cal.App. 432, 435 [35 P.2d 610];
 
 People
 
 v.
 
 Elliott,
 
 241 Cal.App.2d 659, 664 - 666 [50 Cal.Rptr. 757]; Pen. Code, § 31.)
 

 Likewise, the evidence is clear to the effect that appellant engaged in a conspiracy as charged. (See
 
 People
 
 v.
 
 Aday,
 
 226 Cal.App.2d 520, 533, 534 [38 Cal.Rptr. 199].) Conspiracy is appropriately defined in
 
 People
 
 v.
 
 Buckman,
 
 186 Cal.App.2d 38, 47 [8 Cal.Rptr. 765], as “. . . common unlawful design and agreement to work toward a common purpose; the existence of a conspiracy may be inferred as well from circumstantial evidence. [Citations.] The extent of the assent of minds involved in an unlawful operation eonsti
 
 *558
 
 tuting a conspiracy may be, and from the secrecy of the crime, usually must be, inferred by the trier of fact from proof of the facts and circumstances which, when taken together, indicate they are parts of the same complete whole. [Citations.]
 

 ‘1 It need not be shown that the parties entered into a definite agreement, but it is sufficient that they tacitly came to an understanding to accomplish the act and unlawful design [citations]; and such agreement may be inferred from the acts and conduct of the parties in mutually carrying out a common purpose in violation of the statute. [Citation.] ‘Any competent evidence which tends to prove the existence of the conspiracy or any competent acts or declarations tending to show a common design is admissible.’ [Citations.]”
 

 In other words there may not be direct evidence of the corrupt agreement but circumstantial evidence of such an agreement will suffice.
 
 (People
 
 v.
 
 Buckman, supra,
 
 186 Cal.App.2d 38;
 
 People
 
 v.
 
 Frankfort,
 
 114 Cal.App.2d 680, 688 - 689 [251 P.2d 401];
 
 People
 
 v.
 
 Sica,
 
 112 Cal.App.2d 574, 583 [247 P.2d 72];
 
 People
 
 v.
 
 Toledo-Corro,
 
 174 Cal.App.2d 812 [345 P.2d 529];
 
 People
 
 v.
 
 Ulibarri,
 
 232 Cal.App.2d 51, 54 [42 Cal.Rptr. 409] ;
 
 People
 
 v.
 
 Bompensiero,
 
 142 Cal.App.2d 693, 704 [299 P.2d 725].)
 

 There was either positive testimony or testimony from which inferences could be drawn with reference to every overt act set out in the conspiracy count.
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.