[Crim. No. 15376. Second Dist., Div. Four. Jan. 29, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HARLAND WILBUR KOCH, Defendant and Appellant.

COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

JEFFERSON, J.—Defendant appeals from his conviction in a nonjury trial of conspiracy to commit grand theft (Pen. Code § 182) and grand theft (Pen. Code § 487, subd. 1).

In October 1965 the Department of Employment received a prospective employer registration form for a business known as Service, Incorporated, signed by one Peter Daley as owner. In March 1966 it received a form reporting wages paid during the preceding quarter period by Peter Daley, of Service Incorporated, 131 East Fifth Street, to four employees, including an employee named Lawrence McAllister. An adjustment form was subsequently filed for the same business adding another employee, one Earl Mack, who was reportedly paid $1,752 in wages during the same period. Thereafter, a registration claim form for unemployment compensation was submitted to the Department by a person signing his name as Earl Mack.

In July 1966 an employer registration form for the Hogan Construction Company, 262½ Pacific Avenue, Redondo Beach, was filed with the Department signed by one George Hogan as owner. A quarterly return and report of wages form was then filed for the same business, reporting that one John Quinn had been paid $1,766 for the period. An unemployment registration claim form was subsequently filed by a person who signed his name John Quinn, and who listed his last employer as George Hogan. Thirteen claim cards were thereafter submitted by the person signing his name as John Quinn and 12 pay order cards were made, each signed John Quinn, indicating a total payment to him in unemployment compensation of $780.

From the testimony of a handwriting expert, it was established that Lawrence McAllister prepared and signed the employer registration and report of employee earnings forms for the purported businesses, Service, Incorporated and Hogan Construction Company. It was further established that defendant signed John Quinn on the 13 claim cards and signed the

same name on each of the pay order cards, taking payment as the former employee of George Hogan; that defendant also prepared the preliminary claim form signing the name Earl Mack as the ex-employee of Service, Incorporated.

In fact no such business as Service, Incorporated or Hogan Construction Company existed. The address given for the Hogan Construction Company, 262½ Pacific Avenue, Redondo Beach, was the address of a building sold to the city for urban renewal. It had never had a business in it known as Hogan Construction Company. The address, 131 East Fifth Street, given as the address of Service, Incorporated, was the address of a liquor bar owned by Robert Pasieczny. The latter had observed both defendant and McAllister in his bar in the past, although he did not recall whether they were together. McAllister frequented the bar. In January 1966, as a favor to McAllister, Mr. Pasieczny received mail, which McAllister said would be sent, from the Department of Employment addressed to Pete Daley. Mr. Pasieczny turned the mail over to McAllister.

No evidence was offered by defendant on the issue of his guilt.

■ Despite defendant's assertion to the contrary, substantial evidence was presented to uphold his conviction of the conspiracy charge. The evidence shows that defendant obtained unemployment benefits after making false claims, based on non-existent former employment, using the fictitious name John Quinn. He also registered a claim under another fictitious name (Earl Mack), falsely stating that he was the ex-employee of another non-existent employer. McAllister registered both dummy businesses, reporting John Quinn and Earl Mack as employees, thus making possible the effectu · ation of the fraud. Certainly, the evidence supports the reasonable inference that the benefits were secured in pursuance of a scheme concocted between defendant and McAllister.

■ Nor do we find merit in defendant's contention that the registration and claim forms introduced by the People as exhibits were admitted without adequate foundation. The authentication requirement that there be evidence sufficient to support a finding that the writings were what the People claim (see Evid. Code, § 1400), was met. The testimony of the Department employees establishes that the registration and claim forms were filed with the Department. The evidence shows that they were fraudulent and that they were prepared by defendant and McAllister.

These exhibits were not hearsay since they were not offered "to prove the truth" of their contents (see Evid. Code, § 1200). The prosecution's case rested on their being false. ■ On the other hand, the 12 pay cards, introduced in another exhibit, were hearsay since they contained

the extrajudicial declaration that the amounts represented were paid to defendant. But the People laid a proper foundation for their introduction under the business records exception. (Evid. Code, § 1271.)

However, defendant's conviction of grand theft must be reversed. In the light of *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580], decided during the pendency of this appeal, we must conclude that for the acts charged defendant should not have been prosecuted under Penal Code, section 487, subdivision 1; but rather, for the misdemeanor offense covered under Unemployment Insurance Code, section 2101. In *Gilbert* the court concluded that "the special provision of the Welfare and Institutions Code dealing with welfare fraud (§ 11482) precludes prosecution of such fraud under the older general theft provision of the Penal Code (§ 484)." Whereas in *Gilbert* the applicable section was Welfare and Institutions Code, section 11482, here the applicable section is Unemployment Insurance Code, section 2101. Section 11482 provides: "Any person other than a needy child, *who willfully and knowingly, with intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid,* or who, knowing he is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he is not entitled, or a larger amount than that to which he is legally entitled, is guilty of a misdemeanor." [Italics added.] Section 2101 provides: "It is a misdemeanor *to wilfully make a false statement or representation or knowingly fail to disclose a material fact to obtain, increase, reduce, or defeat any benefit or payment* under the provisions of this division, whether for the maker or for any other person, or for the purpose of lowering or avoiding any contribution required of the maker or any other person, or to avoid becoming or remaining subject to his act." [Italics added.]

Under the test laid down in *Gilbert* which forecloses a felony prosecution for grand theft where the misdemeanor statute requires for conviction that the victim "actually parted with value," Unemployment Insurance Code, section 2101 must be considered analogous to Welfare and Institutions Code, section 11482.

We need not, however, reverse defendant's conviction of conspiracy. Although defendant was found guilty of conspiracy based on an information which specifically charged that he conspired with his-confederate to commit the crime of grand theft, the evidence covered a broader area. It clearly established that they conspired to cheat and defraud the Department of Employment into paying them unemployment benefits to which they were not entitled. This constituted a conspiracy falling under subdivision 4 of Penal Code, section 182. Under subdivision 4, it is a

violation of section 182 to conspire, "To cheat and defraud any person of any property, by any means which are in themselves criminal, or to obtain money or property by false pretenses or by false promises with fraudulent intent not to perform such promises." ▮ There is nothing unconstitutional" in the fact the substantive offense involved (here the violation of Unemp. Ins. Code, § 2101) is only a misdemeanor, while the conspiracy offense is punished as a felony. Conspiracy is a distinct offense and the propriety of making a conspiracy to do an act punishable more severely than the doing of the act itself is a matter exclusively for the Legislature. (*People* v. *Holstun,* 167 Cal.App.2d 479, 486-487 [334 P.2d 645].)

Penal Code, section 960 provides: "No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." ▮ An immaterial variance between pleading and proof does not require a reversal. ▮ "The test of the materiality of a variance is whether the indictment or information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense. . . ." (*People* v. *LaMarr,* 20 Cal.2d 705, 711 [128 P.2d 345]; Witkin, Cal. Criminal Procedure (1963) p. 184.)

▮ The overt acts charged in furtherance of an alleged conspiracy may be considered ". . . as a portion of the pleading which gives the defendant notice of the issues he must face." (*People* v. *Hardeman,* 244 Cal.App.2d 1, 19 [53 Cal.Rptr. 168].) ▮ Here, as in *Hardeman, supra,* "Defendant was not called upon to meet any issues of which he did not have notice." (At p. 19.)

For the reasons given above, the judgment of the court below with respect to the conspiracy charge should be modified to adjudge that defendant was found guilty of the crime of conspiracy in violation of Penal Code section 182, subdivision 4, rather than of the crime conspiracy to commit grand theft in violation of section 182, subdivision 1. ▮ Because defendant's conviction of the grand theft charge must be reversed, defendant is also entitled to another probation and sentence hearing on the conspiracy conviction.

The judgment as to count 2 (grand theft) is reversed. The judgment as to count 1 (conspiracy) is reversed with directions to the trial court: (1) to strike the finding that defendant was found guilty of conspiracy to commit grand theft and to enter in its place the finding that he was found

guilty of conspiracy in violation of Penal Code, section 182, subdivision 4; (2) to thereafter conduct another hearing on probation and sentence. In all other respects the judgment as to count 1 is affirmed.

Files, P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1970.