[Crim. No. 18960. Second Dist., Div. 4. Feb. 23, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
JOYCE MAE HENDERSON, Defendant and Respondent.

## Counsel

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger and Joseph Busch, District Attorneys, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Kenneth I. Clayman and Arthur L. Rolston, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**KINGSLEY, Acting P. J.**—Defendant was charged with a violation of section 72 of the Penal Code, which provides a potential felony penalty for presenting a false claim to any public officer.[1] The evidence at her prelimi-

---

[1]Penal Code section 72. "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine of not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine.

"As used in this section 'officer' includes a 'carrier,' as defined in Section 14057 or 14555 of the Welfare and Institutions Code, authorized to act as an agent for a state board or officer or a county, city, or district board or officer, as the case may be."

nary examination showed that she was eligible for, and was receiving, public assistance under the program for Aid to Families with Dependent Children. She falsely represented to her case worker and to the county auditor that a county warrant for $74 had either been lost or stolen. On the basis of those representations, a duplicate warrant was issued to her. She cashed both the original and the duplicate warrant. On a motion made under section 995 of the Penal Code,[2] the information was dismissed on the theory that she was liable to prosecution only under section 11482 of the Welfare and Institutions Code (a misdemeanor).[3] From that order, the People have appealed pursuant to subdivision 1 of section 1238 of the Penal Code. We affirm the order.

■ Earlier cases have determined that a person who wrongfully and fraudulently represents his status in order to obtain aid under the various provisions of the Welfare and Institutions Code, must be prosecuted under the misdemeanor section of that code and not under the general provisions of the Penal Code. (*People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580]; *People* v. *Silk* (1955) 138 Cal.App.2d Supp. 899 [291 P.2d 1013].) The People argue that those cases are not here applicable because defendant did not misrepresent her eligibility for aid, but misrepresented the fact of its nonreceipt. We cannot see that this difference is here material. The representation here made was one which, under the applicable regulations cited to us in respondent's brief, is part of a formal system concerning "lost" checks. Under the regulations, a welfare recipient who claims that her check has been lost or stolen, reports that fact to her welfare case worker; the worker assists her in preparing her claim, on a welfare department form, and arranges an introduction for the claimant to the county auditor. The regulations also provide, expressly, for the procedure to be used by the case worker if fraud or misrepresentation is suspected.[4] In other words, a "lost check" claim is as much a part of the welfare system as is an original claim for aid. The representation with which we are here concerned

[2]Defendant was originally tried and found guilty; thereafter a motion for a new trial was granted, she was allowed to make a motion to dismiss under section 995 and that motion was argued and granted.

[3]Welfare and Institutions Code, section 11482. "Any person other than a needy child, who willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid, or who, knowing he is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he is not entitled, or a larger amount than that to which he is legally entitled, is guilty of a misdemeanor."

[4]Los Angeles County Department of Public Social Services, Manual of Policies and Procedures, section 900-55.

was one designed, within the express words of section 11482, to obtain "a larger amount than that to which [s]he is legally entitled."[5]

The order is affirmed.

Dunn, J., and Irwin, J.,* concurred.

---

[5]We note an apparent conflict in cases involving the applicability of section 2101 of the Insurance Code to prosecutions for false and fraudulent claims under the Unemployment Insurance statutes. In *People* v. *Koch* (1970) 4 Cal.App.3d 270 [84 Cal.Rptr. 629], this division held that the Insurance Code section pre-empted subdivision 1 of section 487 of the Penal Code; hearing in the Supreme Court was denied. In *People* v. *Lustman* (1970) 13 Cal.App.3d 278 [91 Cal.Rptr. 548], Division Five of this district held to the contrary; hearing in the Supreme Court was also denied. Since the language in the Insurance Code is not the same as in the Welfare and Institutions Code, as Division Five points out, we need not attempt, at this level, to reconcile the two actions by the Supreme Court. We are here concerned with the Welfare and Institutions Code section as to which *Gilbert* must still be regarded as controlling.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.