[Civ. No. 31803. First Dist., Div. One. Jan. 17, 1973.]

MABEL WILLIAMS, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Jorgenson, Cosgrove, Andrews & Elliott for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Robert R. Granucci and John T. Murphy, Deputy Attorneys General, for Respondent and Real Party in Interest.

## OPINION

**WEINBERGER, J.**\*—Petitioner, Mabel Williams, seeks a writ of prohibition from this court restraining the respondent court from all further proceedings against her in criminal action No. C2613 in which petitioner is charged with a felony, to wit: conspiracy to commit prostitution (Pen. Code, § 182), and disorderly conduct in that she solicited and engaged in an act of prostitution, a misdemeanor (Pen. Code, § 647, subd. (b)). The sole issue for our determination is whether an alleged prostitute can be charged with both prostitution and conspiracy to commit prostitution with the alleged pimp who solicits for her. The facts before us disclose that on two successive days in April 1972, Detective Epperson of the Redwood City Police Department requested one Columbus Johnson, a cab driver, to procure a woman for him for the purpose of prostitution. On the night of April 26, 1972, Johnson brought petitioner to Epperson's room in a Redwood City hotel where petitioner allegedly disrobed and received $20 for an act of prostitution. Thereafter petitioner and Johnson were arrested and jointly charged with conspiracy to commit prostitution and disorderly conduct. Johnson alone was charged with feloniously receiving money for and procuring another person for the purpose of prostitution, a violation of Penal Code section 266i (pandering). At the preliminary hearing the pandering charge was dismissed for "insufficient evidence." There was a holding on the conspiracy charge and the misdemeanor charge of disorderly conduct was to "trail the felony charge." Despite this order of the magistrate the district attorney filed an information in the superior court which included, in addition to the conspiracy charge against both parties, as count I, a pandering charge against Johnson as count II and the prostitution charge against both defendants as count III.

Petitioner argues in her brief that the district attorney is attempting to bootstrap a misdemeanor to the felony level by calling the activity which took place on the night of April 26, 1972, a conspiracy to commit prostitution. ▮ Conspiracy and prostitution are separate offenses. If the illegal objects of a conspiracy are accomplished, both crimes—the conspiracy and the substantive offense—may be separately prosecuted and punished. (1 Witkin, Cal. Crimes (1963) p. 100.) ▮ Petitioner is charged with violating section 182, subdivision 1, conspiracy to commit any crime. The word "crime" includes misdemeanor. (*People* v. *Osslo* (1958) 50 Cal.2d 75, 98 [323 P.2d 397].)

In *People* v. *Hobson* (1967) 255 Cal.App.2d 557 [63 Cal.Rptr. 320],

---

\*Assigned by the Chairman of the Judicial Council.

the court upheld a conviction of conspiracy to commit prostitution. Thus, charging a person with conspiracy to commit prostitution is not unprecedented. In that case, however, it was not the prostitute herself who was charged with the conspiracy.

Petitioner also argues that although prostitution is a crime which would fall under section 182, that section should be used only for instances where the crime is actually made more serious because of the conspiracy. "The punishment of conspiracy as a *felony,* . . . is explained on the theory that concerted criminal activities are a much more serious danger than individual criminal acts, and therefore justify drastic sanctions against the criminal agreement itself." (1 Witkin, Cal. Crimes (1963) p. 101.) Petitioner urges that the conspiracy to commit prostitution is no more serious than the actual act of prostitution. We do not agree. Some of the sordid aspects of the commercial exploitation of prostitutes are too well known to require the citation of any authority. The term "white slavery" was applied to such exploitation and traffic for good reason.

In *Castro* v. *Superior Court* (1970) 9 Cal.App.3d 675 [88 Cal.Rptr. 500], a case where sections of the Education Code had been violated, concurring Justice Stephens stated: "I concur in the result because the act of the several defendants, though committed by plan and design, is by its very nature one which constituted a low-grade misdemeanor and which is more consistent with what is now classified an an *infraction* in the Penal Code: i.e., the disturbance caused by the walkout. Further, there being no danger of enlarging the crime by conspiratorial planning, it remains but the *act* prohibited. Any conspiracy which raises such a violation to a more onerous status is encompassed within the more serious charge of breach of the peace (Pen. Code, § 415), . . . It is unconscionable to create a felony from the cooperative commission of this misdemeanor by two or more persons. . . . To my mind, it seems only reasonable to hold that where, as in the instant case, the prohibited act itself cannot become more heinous because of the planned action of two or more persons, the gravity of the violation does not increase to the extent of warranting a felony classification." (*Castro* v. *Superior Court, supra,* at pp. 710-711.)

While petitioner might get some comfort from the quoted language, *Castro* was not decided upon that basis. The Justice writing the majority opinion held that because the case involved First Amendment rights the conspiracy statute would have to be specifically and narrowly applied. The case at bench does not involve First Amendment nor any other constitutionally protected rights.

Finally, petitioner argues that to punish prostitution as a felony by calling it conspiracy constitutes cruel and unusual punishment. It has been specifically held that elevating a misdemeanor to a felony by adding a conspiracy charge is not unconstitutional. (*People* v. *Koch* (1970) 4 Cal.App.3d 270, 276 [84 Cal.Rptr. 629]; *People* v. *Holstun* (1959) 167 Cal.App.2d 479, 486-487 [334 P.2d 645].) "There is nothing unconstitutional in the fact the substantive offense involved (here the violation of Unemp. Ins. Code, § 2101) is only a misdemeanor, while the conspiracy offense is punished as a felony. Conspiracy is a distinct offense and the propriety of making a conspiracy to do an act punishable more severely than the doing of the act itself is a matter exclusively for the Legislature." (*People* v. *Koch, supra,* at p. 276; see also, *Clune* v. *United States* (1895) 159 U.S. 590 [40 L.Ed. 269, 16 S.Ct. 125].)

It is the general rule that the duty to charge persons with crimes rests with the district attorney and courts do, and should continue to, exercise restraint in interfering with the free exercise of discretion by such constitutional law enforcement officer. (See *People* v. *Ulibarri* (1965) 232 Cal.App.2d 51 [42 Cal.Rptr. 409], where the following appears on page 55: "Appellant argues that it was unfair to elevate a petty theft to the status of felony by charging conspiracy, even if two persons were involved. The selection of the appropriate offense to be charged is the function of the district attorney.") As has been demonstrated in *Castro, supra,* the district attorney's right to charge a conspiracy may be circumscribed when the effect of such charge is to discourage unnecessarily the exercise of free speech by making it dangerous to engage in certain constitutionally protected activities.

Our attention has been directed to the cases of *Gebardi* v. *United States* (1932) 287 U.S. 112 [77 L.Ed. 206, 53 S.Ct. 202, 84 A.L.R. 370]; *People* v. *Buffum* (1953) 40 Cal.2d 709, 722 [256 P.2d 317]; *People* v. *Berger* (1960) 185 Cal.App.2d 16, 19-20 [7 Cal.Rptr. 827]; and *In re Cooper* (1912) 162 Cal. 81, 85 [121 P. 318], which suggest another area in which conspiracy charges may not be brought without encountering judicial disapproval.

In *Gebardi* v. *United States, supra,* the man and woman involved were charged with conspiracy to violate the Mann Act. The court found that there could be no conspiracy because it was the purpose of Congress that the woman not be punished for her participation in the act. The Supreme Court reached its decision ". . . upon the ground that we perceive in the failure of the Mann Act to condemn the woman's participation in those transportations which are effected with her mere consent, evidence of an

affirmative legislative policy to leave her acquiescence unpunished. We think it a necessary implication of that policy that when the Mann Act and the conspiracy statute came to be construed together, as they necessarily would be, the same participation which the former contemplates as an inseparable incident of all cases in which the woman is a voluntary agent at all, but does not punish, was not automatically to be made punishable under the latter. It would contravene that policy to hold that the very passage of the Mann Act effected a withdrawal by the conspiracy statute of that immunity which the Mann Act itself confers.

"It is not to be supposed that the consent of an unmarried person to adultery with a married person, where the latter alone is guilty of the substantive offense, would render the former an abettor or a conspirator, compare *In re Cooper,* 162 Cal. 81, 85; . . . or that the acquiescence of a woman under the age of consent would make her a co-conspirator with the man to commit statutory rape upon herself. Compare *Queen* v. *Tyrrell,* [1894] 1 Q.B. 710. The principle, determinative of this case, is the same." (*Gebardi* v. *United States,* at p. 123 [77 L.Ed. at pp. 211-212].)

The California Supreme Court in *In re Cooper, supra,* cited by the United States Supreme Court in *Gebardi,* found that participation in an act of sexual intercourse on the part of an unmarried woman amounts simply to fornication, not adultery. Only the married party can be charged with adultery. Both *Gebardi* and *Cooper* are distinguishable from the case at bench because in neither case had the Legislature seen fit in any way to punish the willing female who was necessarily a party to either a Mann Act violation or adultery. But this distinction was not found to be significant in *People* v. *Buffum, supra,* 40 Cal.2d 709, in which the court cited *Gebardi.* In *Buffum* the court was required to determine whether four women who submitted to abortions were either accomplices of or co-conspirators with the defendants who allegedly conspired to perform abortions. The women were subject to prosecution under Penal Code section 275 carrying a penalty of from one to five years. The defendants were charged with conspiracy to violate Penal Code section 274 (performing abortions) with a penalty of two to five years. The following quotation from the decision is illuminating. "In our opinion the same reasoning which precludes the application of section 31 for the purpose of prosecuting a woman as a principal under section 274 likewise precludes the use of section 182 in prosecuting her for conspiracy to violate section 274. Since, as held in the *Clapp* case, the Legislature has expressed an intent that a woman who consents and voluntarily submits to an abortion is not punishable under section 274, it clearly did not intend that she should be punished for conspiracy to violate that statute.

"Although the language of section 182, standing alone, is sufficiently broad to include any agreement to procure an abortion, the provision, like that in section 31, is general and must yield to the specific provision in section 275. Any other construction would mean that the conspiracy law could be used as a device for defeating the legislative intention of imposing a lesser penalty on a woman who violates section 275 than is prescribed for a person convicted under section 274.

"There are many cases arising under other statutes in which it has been recognized that a defendant may be liable to prosecution for conspiracy to commit a given crime even though he is incapable of committing the crime itself. (See e.g., *United States* v. *Socony-Vacuum Oil Co.,* 310 U.S. 150, 224-225 [footnote] [60 S.Ct. 811, 84 L.Ed. 1129]; *United States* v. *Rabinowich,* 238 U.S. 78, 86 [35 S.Ct. 682, 59 L.Ed. 1211]; *People* v. *Wood,* 145 Cal. 659, 664-665 [79 P. 367]; see also cases collected in annotations in 131 A.L.R. 1322, 1327-1329; 74 A.L.R. 1110, 1114-1115; 5 A.L.R. 782, 787-791.) This rule, however, does not apply where the statutes defining the substantive offense disclose an affirmative legislative policy that the conduct of one of the parties involved shall be unpunished. (*Gebardi* v. *United States,* 287 U.S. 112, 121-123 . . . ; *In re Vince,* 2 N.J. 443 . . . ; see *Pinkerton* v. *United States,* 328 U.S. 640, 643 . . . ; *State* v. *McLaughlin,* 132 Conn. 325. . . .) Similarly, the rule should not be applied where, as here, the Legislature singles out one of the parties for special treatment by enacting a statute which deals only with the conduct of that person and provides for a lesser punishment than is given to the other party." (*People* v. *Buffum, supra,* at pp. 722-723.)

The same reasoning is applicable to the case at bench. Since the Legislature provided for a lesser penalty for prostitution (a misdemeanor) than for pimping (266h) and pandering (266i), which are both felonies, it would defeat the legislative classification to permit a prostitute to be charged with conspiracy in a case in which the alleged co-conspirator is either a pimp or panderer.

*People* v. *Berger,* 185 Cal.App.2d 16 [7 Cal.Rptr. 827], although not a conspiracy case, would tend to support this conclusion. The court said in *Berger,* at pages 19-20: "It does not follow, however, that either Mrs. Wise or Miss Smith was an accomplice to the crime charged in the counts of the information in which she was named as the female person from whose earnings as a prostitute appellant derived support and maintenance, and for whom appellant solicited. To the contrary, it has been uniformly held in this state that the woman who is exploited by a male in violation of section 266h is not an accomplice of the man who exploits her. (*People*

v. *Simpson*, 79 Cal.App. 555, 559 [250 P. 403]; *People* v. *Frayer*, 140 Cal.App.2d 597, 598 [295 P.2d 456].) The court said in *People* v. *Frayer*, *supra*, at pages 598-599: 'The woman who permits herself to be criminally exploited is not in the same relation to the crime and does not approach it from the same direction as the exploiter, but a woman who assists in the exploitation of another woman is in the same position as the exploiter.' (See *People* v. *De Paula*, 43 Cal.2d 643, 647 [276 P.2d 600].)"

From these cases a rule emerges, applicable to the limited area in which Congress or the Legislature has dealt with crimes which necessarily involve the joint action of two or more persons, and where no punishment at all, or a lesser penalty, is provided for the conduct, or misconduct, of one of the participants. Thus, the female "transportee" in a Mann Act situation and the unmarried participant in adulterous intercourse, whose participation is not denounced by statute, cannot be charged with criminal conduct by the improper use of the conspiracy statute. By the same token, abortees and prostitutes for whose criminal participation with aborters or with pimps and panderers the Legislature has prescribed a lesser punishment, may not be subjected to greater punishment by the misuse of the conspiracy statute.

The facts in the case at bench suggest that Johnson might properly be charged, not with pandering (Pen. Code, § 266i), but with pimping, in that he solicited for a prostitute in violation of Penal Code section 266h, and petitioner might be charged, as she was, with disorderly conduct in that she solicited or engaged in an act of prostitution in violation of Penal Code section 647, subdivision (b). The use of the conspiracy law in such situation becomes a device for defeating the legislative intent to impose a lesser penalty upon prostitution than upon pimping, or to impose a greater penalty for the substantive offense of prostitution than was established by the Legislature.

Let a peremptory writ issue, directing the trial court to dismiss the conspiracy charge (count I of the information) and to remand the misdemeanor charge to the municipal court for appropriate action.

Molinari, P. J., and Elkington, J., concurred.