[Crim. No. 23845. First Dist., Div. Two. Jan. 21, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
LARRY H. ROBERTS et al., Defendants and Respondents.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Kristofer Jorstad and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Appellant.

Ronald E. Moe for Defendant and Respondent Menefield.

No appearance for Defendant and Respondent Roberts.

**OPINION**

McKIBBEN, J.*—Both defendants were prisoners at the California Medical Facility at Vacaville, California. Defendant Larry H. Roberts had previously been convicted of first degree murder and was a life prisoner. Defendant Archie Menefield was not a life prisoner. In the first count of a six-count complaint, the defendants were charged with conspiracy "to commit the crimes of murder, in violation of Penal Code section 187, and/or to commit the crimes of assault by a life prisoner with means of force likely to produce great bodily injury in violation of Penal Code section 4500. . . ."

As a result of the incident, a prisoner and a correctional officer died.

*Assigned by the Chairperson of the Judicial Council.

The defendants were held to answer on a portion of the complaint after a preliminary examination. The Attorney General filed a six-count information identical to the complaint in superior court and a motion to reinstate the dismissed portions of the complaint, pursuant to Penal Code section 871.5; defendants filed a Penal Code section 995 motion. Defendant Menefield filed a motion to strike that portion of the information charging him with conspiracy to violate Penal Code section 4500.

All motions were heard together and defendant Menefield's motion to strike the conspiracy to violate Penal Code section 4500 was granted.

The People have appealed from that ruling, contending that defendants are chargeable with conspiracy to violate Penal Code section 4500.

Penal Code section 4500 states in pertinent part: "Every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another, other than another inmate, with a deadly weapon . . . is punishable with death; . . ."

In support of its contention appellant relies principally on *People* v. *Wood* (1905) 145 Cal. 659 [79 P. 367]; *People* v. *Carson* (1909) 155 Cal. 164 [99 P. 970]; *People* v. *Buffum* (1953) 40 Cal.2d 709 [256 P.2d 317]; and *Williams* v. *Superior Court* (1973) 30 Cal.App.3d 8 [106 Cal.Rptr. 89], in support of its argument that though Menefield cannot be charged with a violation of section 4500 of the Penal Code that nevertheless he can be prosecuted for conspiracy to violate that section. Appellant further contends that the general rule is it matters not that as a result of a conspiracy charge that respondent will suffer a greater punishment than under the substantive offense itself.

Let us see if that general rule applies here.

Penal Code section 4500 singles out one of the parties charged with the conspiracy for special treatment, that is, the life prisoner.

In *Buffum, supra,* 40 Cal.2d 709, a conviction of conspiracy to induce abortions was reversed because a woman who consented to an abortion cannot be prosecuted under Penal Code section 274. The problem was analyzed as follows: "Although the language of section 182, standing alone, is sufficiently broad to include any agreement to procure an abortion, the provision, like that in section 31, is general and must yield to the specific provision in section 275. Any other construction would mean that the conspiracy law could be used as a device for defeating the legislative intention of imposing a lesser penalty on a woman who violates section 275 than is prescribed for a person convicted under section 274.

"There are many cases arising under other statutes in which it has been recognized that a defendant may be liable to prosecution for conspiracy to commit a given crime even though he is incapable of committing the crime itself. [Citations.] This rule, however, does not apply where the statutes defining the substantive offense disclose an affirmative legislative policy that the conduct of one of the parties involved shall be unpunished. [Citations.] Similarly, the rule should not be applied, where, as here, the Legislature singles out one of the parties for special treatment by enacting a statute which deals only with the conduct of that person and provides for a lesser punishment than is given to the other party. . . ." (*Ibid.*, pp. 722-723.)

In *Williams, supra,* 30 Cal.App.3d 8, a woman who engaged in prostitution, a misdemeanor, was not to be prosecuted as a part of a conspiracy, a felony, on the basis of the same rationale of *Buffum, supra,* 40 Cal.2d 709.

*Wood, supra,* 145 Cal. 659, dealt with a jury instruction regarding a statute that declared it a crime for a state prisoner, confined for a term less than life, to escape; and if two or more prisoners, one of whom was serving a life term, conspired together to effect the escape of both of them, whether such a life term prisoner could be charged with the crime of conspiracy. The court declared that he could.

*Carson, supra,* 155 Cal. 164, is in accord with *Wood.*

Therefore, there are two lines of cases dealing with legislative classification, and according to appellant, indistinguishable. However, they are different because the one line, *Wood* and *Carson, supra,* was not treating a specially classified person (a life prisoner) in a more restrictive fashion, but in a less restrictive fashion through the use of a conspiracy charge. Whereas in *Buffum, supra,* 40 Cal.2d 659, and *Williams, supra,* 145 Cal. 659, the specially classified persons (abortionee and prostitute) were to be dealt with more harshly than the persons with whom they conspired (the abortionist and the pimp).

We must conclude therefore, that appellant's reliance on the cases cited for the proposition that it insists governs here is misplaced and that the instant factual situation is an exception to the general rule.

Section 4501 of the Penal Code deals with a person in respondent's classification, i.e., a state prisoner serving less than a life sentence, but dealing with the same type of prohibited conduct specified in section 4500 of the Penal Code.

Since the Legislature has acted in such a fashion there appears to be an affirmative legislative interest to impose a lesser punishment on persons such as

respondent. To make use of the conspiracy charge to defeat this legislative intent is not permissible.

Dispositive of this appeal is the language of the court in *People* v. *Mayers* (1980) 110 Cal.App.3d 809, 814 [168 Cal.Rptr. 252]: "The foregoing rule is necessary to prevent a general statute from swallowing up the exceptions contained in specific enactments." which is in accord with *Buffum, supra,* and *Williams, supra.*

The judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.